PER CURIAM.
This case has been returned to this court by the Alabama Supreme Court after deciding that proper venue was in Clarke County, Alabama. Consequently we will now address the other issues raised in this appeal. The main facts of this case are set out in our prior opinion and will not be repeated here.
There are three substantive issues raised in this appeal. The first issue is whether there is sufficient evidence to support the jury’s verdict in favor of the McGugins. The second issue is whether the court erred in failing to enter judgment against the *1373 Willises on the deficiency sought by Barrett after repossession of the mobile home. The third issue is whether the court erred in admitting evidence that Barrett paid $50.00 to Midland Guardian for an assignment of the security instrument.
In addressing the first issue, we state the general rule that jury verdicts are presumed correct and will not be reversed on appeal unless the preponderance of evidence is against the verdict and is so decided as to clearly convince the court that it is unjust. M.C. West, Inc. v. Battaglia, 386 So.2d 443 (Ala.Civ.App.), cert. denied, 386 So.2d 450 (Ala.1980).
Defendants, Barrett and Williams, first contend that the evidence is insufficient to support the jury verdict in favor of the McGugins because the McGugins are not the proper parties to maintain the action for damages to the mobile home. Under the circumstances of this case, we cannot agree.
The names of both the Willises and the McGugins were submitted to the jury for a determination of each party’s right to maintain the suit and the extent of injury, if any, to their respective interests in the property. No objection to the submission was raised by defendants at that time. The jury returned a verdict in favor of the McGugins.
From our review of the record, we find that there was ample evidence to support the jury’s finding that the McGugins were entitled to maintain the action for damages to the mobile home. Although legal title to the mobile home was taken in the name of the Willises, the evidence is undisputed that the McGugins made all of the payments. The McGugins were the sole residents of the mobile home, and were responsible for its upkeep. Further, the McGugins contracted with Barrett to move the trailer. It is a settled rule that a party to a contract, in the absence of an assignment, has a substantive right to enforce that contract. Gore v. Gore, 250 Ala. 417, 34 So.2d 580 (1948); U-Haul Co. v. Turner, 355 So.2d 384 (Ala.Civ.App.1978). The McGugins brought an action against Barrett for breach of the transportation contract and for negligently damaging the trailer during the attempt to transport it. The jury returned a general verdict in favor of the McGugins on the two count complaint. The jury’s verdict finding that the McGugins were the proper parties to maintain the action must be upheld.
Defendants also contend that the evidence is insufficient to support the verdict in favor of the McGugins and against defendants. Defendants argue that there was no evidence to show that they were negligent in moving the mobile home, and that under the contract defendants were not liable for defects in the frame or undercarriage which may have caused the damage. Again, however, we find sufficient evidence to support the verdict. Sol Stewart, a mobile home dealer, testified that his inspection of the mobile home revealed that the back bedroom contained too much weight. He further testified that this uneven weight distribution could cause the undercarriage of the mobile home to crack and break. Williams, the mover, testified that he did not look in the back bedroom to determine if the mobile home was loaded properly for the move. No evidence of a defect in the frame or undercarriage, existing prior to the attempted move, was presented at trial. Clearly the jury could have concluded that the damage to the mobile home was due to Williams’s negligence in failing to properly distribute the weight inside and in attempting to transport the mobile home without making such weight distribution.
Barrett’s second contention is that the trial court erred in failing to assess a deficiency judgment against the plaintiffs-Willises. Although the McGugins had made the payments on the mobile home, the Wil-lises were the debtors under the security agreement. Consequently, the Willises *1374 were owners of legal title to the mobile home. When the McGugins stopped making payments on the mobile home after the accident, Midland Guardian assigned the security interest to Barrett. Barrett filed a counterclaim against the Willises for a deficiency judgment. The trial court instructed the jury without objection that the counterclaim was made against the Willises only.
At trial Barrett introduced into evidence a copy of the security agreement which showed Barrett to be the assignee of Mustang Mobile Homes and Midland Guardian. There was testimony, as well as other evidence, that payments on the mobile home had ceased soon after the accident. The record reflects that Midland Guardian repossessed the mobile home. There was evidence that Mustang Mobile Homes incurred $2,873 in expenses repairing the mobile home. There was evidence that the mobile home was sold after repossession and repair. The record, however, is devoid of any evidence revealing the amount for which the mobile home was sold after repossession or whether it was sold in a commercially reasonable manner. Midland Guardian merely stated that its deficiency was $1,436.50, and Mustang said that its deficiency was $1,731.70. Barrett’s counterclaim for a deficiency judgment was for the total of these two amounts, $3,168.20.
In its instructions to the jury on the counterclaim the trial court stated:
It is also within your province on the Defendant, Barrett Mobile Homes Transport, [sic] claim against the Willises on the deficiency, it’s within your determination to determine what the deficiency amount is, if there is a breach of contract in that lawsuit. And it would be up to you to determine how much money the Willises owe to Barrett Mobile Homes under that count. And that is your sole discretion. It is your sole province to determine the amount of damages in these lawsuits and not for the Court to tell you anything, any figure to put in there.
There was no objection by anyone to the above stated charge to the jury. The jury, as indicated, returned a verdict against Barrett and for the Willises on the counterclaim.
We cannot agree with Barrett’s contention that the trial court erred in failing to assess a deficiency judgment against the Willises. In the instant action, there was no evidence of the amount received for the mobile home upon resale. The only testimony concerning the amount of the deficiency consisted of assertions made by agents of Mustang Mobile Homes and Midland Guardian as to their respective losses. This testimony was not supported by any evidence from Barrett as to how that amount had been determined. The conclu-sionary statements of Barrett’s witnesses as to the amount of the deficiency were not binding on the jury. The jury could have chosen not to believe Barrett’s witnesses.
The burden of proving the amount of the deficiency rested with Barrett. 69 Am. Jur.2d Secured Transactions § 638 (1973). On the evidence presented in the instant action, the jury could have concluded that Barrett’s failure to prove the amount of the deficiency precluded it from recovering a deficiency judgment.
Barrett lastly argues that it was error to allow evidence to be admitted showing that it had paid Midland Guardian the sum of $50 for an assignment of the security instrument. While it appears that such evidence would be not relevant and therefore inadmissible, in view of the above, any error would be harmless. See A.R.A.P. 45.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.