Following an ore tenus proceeding, Judy K. Martin (mother) and William L. Martin (father) were divorced by a judgment of the Circuit Court of Shelby County on July 20, 1992. Pursuant to the judgment of divorce, the mother was awarded custody of the parties' two minor children. The father was ordered to pay child support in the amount of $10,000 per year and alimony in the amount of $10,000 per year. The trial court also ordered the father to maintain, at his expense, hospital and medical insurance coverage for the minor children. The father's posttrial motion was denied by operation of law. Rule 59.1, Ala.R.Civ.P.
The father's only citation of authority is Rule 32, Ala.R.Jud.Admin., in support of his argument that the trial court erred in failing to comply with the child support guidelines in establishing his child support obligation and in ordering him to maintain hospital and medical insurance on the minor children.
In regard to the other issues raised, Rule 28(a)(5), Ala.R.App.P., requires "that '[t]he argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to theauthorities, statutes and parts of the record relied on.' (Emphasis added.)" McLemore v. Fleming, 604 So.2d 353 (Ala. 1992).
 COMPLIANCE WITH RULE 32, ALA.R.JUD.ADMIN.
Rule 32(E), Ala.R.Jud.Admin., states in pertinent part: "A standardized Child Support Guidelines Form and Child Support Obligation Income Statement/Affidavit Form shall be filed in all actions to establish or modify child support obligations." (Emphasis added.) That rule further provides that "in stipulated cases the court may accept the filing of a Child Support Guideline Notice of Compliance Form."
The Alabama Rules of Judicial Administration were promulgated by our Alabama Supreme Court. Our supreme court has held that the word "shall" usually indicates that the requirement is mandatory. Ex parte Brasher, 555 So.2d 192 (Ala. 1989). "However, 'shall' may also be construed as being permissive where the intent of the legislature would be defeated by making the language mandatory." Id. at 194. Here, however, we are not concerned with legislative intent. Instead, we are concerned with the plain language of our supreme court. Our supreme court has consistently held that the word "shall" is mandatory when used in a rule promulgated by that court. See Waites v.University of Alabama Health Services Foundation, 638 So.2d 838
(Ala. 1994); Ex parte Head, 572 So.2d 1276 (Ala. 1990);Jefferson County Commission v. F.O.P, 543 So.2d 198 (Ala. 1989). "The decisions of the supreme court shall govern the holdings and decisions of the courts of appeals. . . ." (Emphasis added.) § 12-3-16, Alabama Code 1975.
We hold, therefore, that the word "shall" in Rule 32(E), Ala.R.Jud.Admin., mandates the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form. In stipulated cases, however, the trial court may accept the filing of a Child Support Guideline Notice of Compliance Form. We further hold that stipulated cases, i.e., where the parties have agreed upon a child support amount in compliance with the guidelines, are the only exceptions to the requirement of filing a child support guideline form and income affidavit forms. See Comment, Rule 32, Ala.R.Jud.Admin. We presume that if the parties have agreed upon an amount for child support in compliance with Rule 32, then, if an appeal is taken by either party, the amount of child support will not be an issue before an appellate court. Without the child support form and the income statement forms, it is difficult and sometimes impossible for an appellate court *Page 903 
to determine from the record if the trial court did or did not correctly apply the guidelines in establishing or modifying child support obligations.
Rule 32(E) was not complied with in this case. This court is unable to determine from the record how the $10,000 per year child support obligation was calculated by the trial court. Consequently, that part of the trial court's judgment regarding child support is reversed, and this case is remanded for the trial court to comply with Rule 32, Ala.R.Jud.Admin., especially Rule 32(E), in making a determination of child support.
In response to the husband's argument regarding hospital and medical insurance, Rule 32(B)(7), Ala.R.Jud.Admin., provides that "[t]he actual cost of health insurance for the dependent children shall be deducted from the gross income of a parent" when calculating child support obligations.
We note that inherent in complying with Rule 32, Ala.R.Jud.Admin., is complying with Rule 32(A)(ii), if the facts support such a determination, i.e., that application of the guidelines, stating the criteria, would be manifestly unjust or inequitable. We further note that compliance with Rule 32(E), the filing of the forms, is mandatory even if the trial court found that application of the guidelines would be unjust or inequitable. Otherwise, an appellate court may be unable to review that finding by the trial court.
We further note that if one party's statement of income form is disputed by the other party, then that issue can be resolved by competent evidence at the trial court level. Otherwise, the undisputed Income Statement/Affidavit would be part of the record for an appellate court to review on appeal regarding child support issues.
The mother's request for an attorney fee on appeal is denied.
This court takes this opportunity to inform the trial courts of Alabama that, henceforth, when the record does not reflect that Rule 32(E) was complied with and child support is made an issue on appeal, the policy of this court will be either to immediately remand jurisdiction of the case temporarily back to the trial court for compliance or to reverse the judgment and remand the case for further proceedings in compliance with Rule 32, Ala.R.Jud.Admin.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.