When the circuit court divorced Sheila and Walter Beckham, it gave Walter custody of their two minor daughters. Sheila appealed; the Court of Civil Appeals affirmed. We granted certiorari review. The facts are sufficiently set out in the opinion of the Court of Civil Appeals. Beckham v. Beckham,643 So.2d 1370 (Ala.Civ.App. 1993).
The primary issue on certiorari review is whether the trial court erred in admitting and considering a report by a court-appointed psychologist, James F. Chudy, Ph.D., containing psychological evaluations of the parties. Dr. Chudy's report was submitted to the court after the close of all testimony, and the court considered it without making the contents known to the parties and without allowing the parties the opportunity to cross-examine Dr. Chudy or otherwise challenge his conclusions.
Finding that, aside from Dr. Chudy's report, the record contained substantial evidence supporting the award of custody to Walter, the Court of Civil Appeals held that admission of the report did not injuriously affect Sheila's substantial rights. The presumption of correctness applicable in a non-jury case in which the court hears ore tenus evidence applies only to the trial court's findings on issues of fact. Gaston v.Ames, 514 So.2d 877, 878 (Ala. 1987); Cougar Mining Co. v.Mineral Land Mining Consultants, Inc., 392 So.2d 1177
(Ala. 1981). Whether the parties are entitled to challenge the Chudy report is a question of law, and the court's decision to consider that report is not presumed to be correct. Rule 43(a), A.R.Civ.P., provides, "In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided in these rules." We have found in the rules no exception for expert witnesses' reports.
 "Rule 43(a) was enacted to correct the 'abuses of taking testimony by deposition in the historic equity practice.' 9 C. Wright A. Miller, Federal Practice and Procedure: Civil § 2407 (1971). To require that witnesses testify in open court prevents the court from receiving or considering 'anything in confidence or secret from the parties or their Counsel' and permits 'fair and complete examination and cross-examination.' G. McLeod, Trial Practice and Procedure in Alabama 254 (1983)."
Harrison v. Wientjes, 466 So.2d 125, 126 (Ala. 1985). "The fundamental principle is that the decision of a court must be based on evidence produced in open court lest the guaranty of due process be infringed." Ex parte Berryhill, 410 So.2d 416,418 (Ala. 1982). The trial judge admitted Dr. Chudy's report after the close of testimony, without allowing the parties the opportunity to examine the report, in violation of Rule 43(a), A.R.Civ.P. The parties were denied the opportunity to cross-examine Dr. Chudy.
Ala. Code 1975, § 12-21-137, provides a right to a "thorough and sifting" cross-examination; this right is not limited to criminal cases. Perry v. Brakefield, 534 So.2d 602, 607
(Ala. 1988); Lomax v. Speed, 507 So.2d 455, 458 (Ala. 1987). Because Dr. Chudy's report could have had the same effect as a witness testifying and expressing an opinion, the parties had a right to review it and challenge the findings expressed in it. *Page 1375 
We reverse the judgment of the Court of Civil Appeals for the reasons stated, and we remand the case to that court for an order remanding the case to the trial court for further proceedings on the issue of custody. Because we must reverse for those reasons, we need not address the other issues Mrs. Beckham presents.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, STEAGALL, KENNEDY, INGRAM and COOK, JJ., concur.