689 So.2d 131 (1996)
STATE of Alabama ex rel. DEPARTMENT OF HUMAN RESOURCES, on Behalf of Kathleen ROYE
v.
Kenneth Shannon HOGG.
2950664.
Court of Civil Appeals of Alabama.
December 20, 1996.
*132 J. Coleman Campbell and Lynn Sensabaugh Merrill, Asst. Attys. Gen., Department of Human Resources, for Appellant.
Beverlye Brady, Auburn, for Appellee.
SAM A. BEATTY, Retired Justice.
The State, on behalf of Kathleen Roye, appeals from a judgment denying a child support order. We reverse and remand.
Kathleen Roye Hogg and Kenneth Shannon Hogg were divorced in 1992. The divorce judgment awarded them joint custody of their four children, but the children's primary residence was with the father. The judgment stated that the court did not order any child support because of the disparity between the parties' incomes and the fact that the mother was enrolled in school. In 1993, the court modified the divorce judgment to grant physical custody of the parties' *133 older daughter to the mother. The trial court addressed child support as follows:
"No child support is ordered since Father has custody of the other three children. The Court finds that it would be unfair to apply Child Support Guidelines in this situation."
In 1994, the court again modified the divorce judgment to grant physical custody of the parties' younger daughter to the mother. Although the mother requested child support from the father, the trial court did not address that request in the modified divorce judgment, except to say that all "other requested relief" was denied.
In 1995, the mother requested help from the Department of Human Resources ("DHR") and began receiving Aid to Families with Dependent Children ("AFDC") payments. Of the parties' four children, two are now past the age of majority, the younger daughter resides with the mother, and the younger son resides with the father. The mother says that she has health problems that are so severe that she is unable to work and that because she is not receiving any child support from the father she has been forced to rely upon AFDC payments. The father disputes the severity of her health problems. DHR, on behalf of the mother, sought yet another modification of the divorce judgment, requesting child support from the father for the younger daughter, college education expenses for the older daughter, and reimbursement to the state for the AFDC payments made to the mother. The trial court denied all requested relief, stating only: "This is the fourth time this case has been before the Court. The request for relief by Plaintiff is DENIED." DHR appeals the trial court's denial of child support and AFDC reimbursement, but does not appeal the trial court's denial of the educational expenses for the older daughter.
DHR contends that the trial court erred by not awarding child support based upon Alabama's Child Support Guidelines, Rule 32, Ala. R. Jud. Admin. ("the guidelines"), and by not ordering the father to reimburse the State of Alabama for the AFDC payments.
Child support actions filed on or after October 9, 1989, are subject to the mandatory application of the child support guidelines. Smith v. Smith, 587 So.2d 1217 (Ala.Civ.App.1991). Nevertheless, if the trial court enters on the record a written finding, supported by evidence presented to it, that the application of the guidelines would be unjust or inequitable, then the trial court has the discretion to deviate from the guidelines. Rule 32(A)(ii), Ala. R. Jud. Admin.; Smith, 587 So.2d at 1218. If the trial court fails to apply the guidelines or to present findings of fact based upon evidence before the court indicating why the guidelines were not followed, this court will reverse. Simmons v. Ellis, 628 So.2d 804 (Ala.Civ.App.1993).
We first address the trial court's failure to comply with the guidelines or to follow the mandates of this court. In Martin v. Martin, 637 So.2d 901 (Ala.Civ.App.1994), this court issued the following directive:
"We hold, therefore, that the word `shall' in Rule 32(E), Ala. R. Jud. Admin., mandates the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form.... We further hold that stipulated cases ... are the only exceptions to the requirement of filing a child support guideline form and income affidavit forms...."
637 So.2d at 902. On remand, fully completed and signed income affidavits, Form CS-41, must be obtained and filed for both parents reflecting their circumstances as of the time the child support calculations are made. The trial court must also file a fully completed and signed child support calculation form, Form CS-42.
Furthermore, this court pointed out in Martin that inherent in complying with the guidelines is the necessity that a trial court make certain findings of fact required by the guidelines. For example, we noted in Martin that if the facts of a case supported a determination that application of the guidelines would be manifestly unjust or inequitable, compliance with the guidelines included the trial court's making the findings required by Rule 32(A)(ii). The father argues that the trial court's 1993 order explains why it did not award child support and satisfies the *134 guidelines' requirement for findings of fact. We disagree. First, the 1993 order itself is not in compliance with the guidelines. Second, the parties' circumstances have changed since 1993, when the mother had custody of one child and the father had custody of three. Now, each party has custody of one child. Finally, the income disparity between the parties is significant. The father's monthly gross income is $3,500; the mother's only income is $425 per month in AFDC payments. If there is an explanation for not awarding child support in this case, then the trial court must support its decision with findings of fact based upon the evidence before it and provide any reasoning for its decision not to order the father to support the child living with the mother.
Effective October 4, 1993, Rule 32(B)(9) of the guidelines explicitly addresses a split custody determination, as follows:
"(9) Split custody. In those situations where each parent has primary physical custody of one or more children, support shall be computed in the following manner:
"(a) Compute the support the father would owe to the mother for the children in her custody as if they were the only children of the two parties; then
"(b) Compute the support the mother would owe to the father for the children in his custody as if they were the only children of the two parties; then
"(c) Subtract the lesser support obligation from the greater. The parent who owes the greater obligation should be ordered to pay the difference in support to the other parent, unless the court determines, pursuant to other provisions of this rule, that it should deviate from the guidelines."
On remand, the trial court should calculate child support as provided in Rule 32(B)(9). Upon review of that calculation and any other evidence before the court relative to child support, if the court concludes that application of the guidelines would be inequitable in this case then it should so indicate in its judgment, with that conclusion supported by the appropriate factual findings. In cases of split custody, two calculation forms may be necessary in order to comply with the requirement now imposed by Rule 32(B)(9).
We next address the trial court's refusal to order the father to reimburse the state for the AFDC payments. Under Alabama law, DHR clearly is entitled to such reimbursement.
"Under § 38-10-6, Ala.Code 1975, a state agency caring for a child can recover reimbursement from a parent only for the amount of support the parent is already required to pay pursuant to a divorce judgment or some legal agreement. [State ex rel. Van Buren County Dep't of Social Services v. Dempsey, 600 So.2d 1019 (Ala. Civ.App.1992).] If a parent's obligation has not been set at a particular amount by a judgment or an agreement, the state agency is entitled to reimbursement for the full amount of support it has provided to the child, if the parent has the ability to pay. Johns v. Johns, 500 So.2d 1160 (Ala. Civ.App.1986)."
Ex parte State ex rel. Summerlin, 634 So.2d 539, 541 (Ala.1993). The father's obligation has not been set by judgment or agreement, and he has the ability to pay; therefore, DHR is entitled to be reimbursed in full for the AFDC payments it has made on behalf of the child in the mother's custody.
The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH DIRECTIONS.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.
ROBERTSON, Presiding Judge, concurring in the result.
I believe that this case is properly reversed for further proceedings pursuant to Martin v. Martin, 637 So.2d 901 (Ala.Civ. App.1994); however, I do not believe that we *135 should address the 1993 and 1994 modification judgments. Those judgments are final since they were not appealed.