689 So.2d 154 (1996)
Vickie Robinson Braddy WILLIAMS
v.
Paul D. BRADDY.
2950202.
Court of Civil Appeals of Alabama.
December 20, 1996.
*155 Floyd Minor and John Olszewski, Montgomery, for appellant.
Paul D. Braddy, pro se.
YATES, Judge.
The trial court divorced the parties in 1978. By agreement, the mother was to have custody of the parties' minor child; the father was to pay $250 per month in child support, to provide health insurance coverage, to pay one-half of all noncovered medical expenses, and to contribute an unspecified amount to an educational trust fund. In June 1992, the mother petitioned the court, asking it to find the father in contempt for his alleged failure to pay child support and medical expenses and to contribute to the trust fund. The parties subsequently entered into a joint modification agreement, whereby the father would pay $600 per month child support and one-half of all medical and related services not covered by insurance; both parties would contribute $1,500 annually toward the educational trust account; and the father would pay $1,000 in attorney fees. The child support was based on the mother's monthly income of $1,138 and the father's monthly income of $4,000.
In September 1994, the father petitioned, pro se, to modify his child support obligation to suspend his payments until he regained employment, alleging that he had been unemployed since January 1994. The wife answered, alleging that no material change in circumstances had occurred to warrant a change or stay of child support. She counterclaimed, alleging that the father was in contempt of the 1992 agreement.
A hearing on the father's petition and the mother's counterclaim was held on March 25, 1995. During the hearing, the court asked the father if he wanted to amend his petition and stated that it would allow the father "to formally amend [the] petition to modify to include all aspects of the financial relationship" between the parties. The father's attorney stated that, based on the court's comments, the father "would formally amend [the] original petition filed pro se by [the father] to include any and all financial matters which were addressed in the 1992 petition." The wife's attorney objected. After the hearing, the court, on April 11, 1995, denied the father's petition to modify, finding the father $9,411 in arrears in child support and $4,672.42 in arrears in contributions to the college trust fund; it awarded the mother $3,372.42 in attorney fees. The father then filed a Rule 59, Ala. R. Civ. P., motion to alter, amend, or vacate the judgment, based on his unrebutted testimony that his income had decreased. He argued that for purposes *156 of determining an appropriate award of child support, the court should base its determination of his monthly salary on his current annual earnings of $14,500 instead of the $4,000 per month he was earning at the time of the 1992 agreement. The court granted limited relief to the father by calculating his monthly income to be $2,500; this reduced the child support to $350 per month, based on the guidelines of Rule 32, Ala. R. Jud. Admin. The court also recalculated the child support arrearage, using the $350 per month figure, beginning with October 1994, the month after the father had filed his petition. This recalculation resulted in a reduction of the arrearage from $9,411 to $7,081. The mother then moved to amend under Rule 59, alleging that the court had abused its discretion in reducing the child support obligation and arrearage. The court denied her motion, and this appeal followed.
The mother presents three issues for our review: whether the court abused its discretion by considering evidence regarding the father's ability to pay and not considering the needs of the child, thereby reducing the father's child support obligation; whether the arrearage was erroneously calculated; and whether the court committed reversible error in failing to find the father in contempt.
Initially, we note that when ore tenus evidence is presented regarding child support or subsequent requested modifications of a child support order, a presumption of correctness attaches to a judgment based on that evidence. These matters rest soundly within the trial court's discretion, and rulings on them will not be reversed unless they are plainly and palpably wrong. Bobo v. Bobo, 585 So.2d 54 (Ala.Civ.App.1991).
Modifications of child support obligations are governed by Rule 32, Ala. R. Jud. Admin. Rule 32 was amended in 1992; before the 1992 amendment, section (A)(2) provided:
"MODIFICATIONS. The child support guidelines shall be used by the parties as the basis for periodic updates of child support obligations....
"(i) The provisions of any judgment respecting child support shall be modified only as to installments accruing subsequent to the filing of the petition for modification and only upon a showing of a material change of circumstances that is substantial and continuing.

"(ii) Application of the child support guidelines to the circumstances of the parties at the time of the filing of a petition for modification of the child support order, which results in less than a ten percent change in the amount of support due per month, shall be rebuttably presumed not to be a material change in circumstances.
(Emphasis added.) The rule currently provides:
"MODIFICATIONS. The child support guidelines shall be used by the parties as the basis for periodic updates of child support obligations.
"(a) The provisions of any judgment respecting child support shall be modified only as to installments accruing after the filing of the petition for modification.
"(b) There shall be a rebuttable presumption that child support should be modified when the difference between the existing child support award and the amount determined by application of these guidelines varies more than ten percent (10%), unless the variation is due to the fact that the existing child support award resulted from a rebuttal of the guidelines and there has been no change in the circumstances that resulted in the rebuttal of the guidelines.
Rule 32(A)(3)(emphasis added). The amendment became effective on October 4, 1993, and applies to any petition for modification filed on or after that date. See "Preface Relating to Scope," Rule 32. The amended rule applies in this case.
The amendment to Rule 32 has resulted in some confusion concerning when it is proper for a court to modify a child support obligation. We take this opportunity to dispel that confusion. Rule 32, before the amendment, stated that a modification could be had only when there was a material change in circumstances. The amended rule simply provides that a 10% variation creates a rebuttable presumption, not that a parent *157 may seek a modification only when that variation exists. We, therefore, conclude that a court may still modify a child support obligation in situations where there is not a 10% variation but there has been a material change in circumstances. The party seeking a modification in that situation, however, does not have the benefit of the rebuttable presumption.
We also feel obligated to respond to the assertions in the dissent concerning whether a court should consider evidence of the child's needs when reviewing a petition to modify. Although the guidelines were formulated using economic research on the cost of supporting children at various income levels, application of the guidelines is primarily a tool used to ensure the adequate support of a child and to ensure consistent treatment of persons in similar circumstances. Rule 32 (Comment). A court is not always required to rely exclusively upon the guidelines, and the rule recognizes that a child may have needs that surpass the support provided by their application. Rule 32(C)(4). Rule 32 establishes a presumption that the application of the guidelines in a modification proceeding results in the correct amount of child support; however, if the trial court determines that application of the guidelines would be manifestly unjust or inappropriate, a written finding sufficiently rebuts that presumption. Rule 32(A), Ala. R. Jud. Admin. Further, a "trial court's failure to apply the guidelines or to present findings of fact based upon evidence presented to the court as to why the guidelines were not followed requires reversal." Simmons v. Ellis, 628 So.2d 804, 804 (Ala.Civ.App.1993) (citations omitted); Doll v. Doll, 681 So.2d 601 (Ala. Civ.App.1996). Neither the amended rule nor the opinions of this court released after the amendment require a court to consider only certain types of evidence. See, e.g., Scholl v. Parsons, 655 So.2d 1060 (Ala.Civ. App.1995); DeMo v. DeMo, 679 So.2d 265 (Ala.Civ.App.1996); Little v. Little, 680 So.2d 308 (Ala.Civ.App.1996). The inquiry should not be limited solely to the financial situations of the parties, as suggested in the dissent. A court should consider any evidence that is material and relevant to the question of modification. The evidence, of course, will most likely concern the needs and best interests of the child and the parent's ability to pay.
Our review of the record indicates that the court excluded from its consideration any evidence regarding the needs of the child. Specifically, the court stated, "I'm going to base my decision in this case ... on provable financial resources available, irrespective of the need." Clearly, the court abused its discretion; therefore, we reverse that portion of the judgment setting an amount of child support and remand the case for further proceedings for the court to consider evidence regarding the needs of the child.
The trial court may exercise its discretion in setting the effective date of a modification. Rogers v. Sims, 671 So.2d 714 (Ala.Civ.App.1995). We conclude that the court did not abuse its discretion in recalculating the arrearage, effective from the time the father filed his petition. However, because we are reversing the judgment and remanding the case for further proceedings as to the needs of the child, it follows that the arrearage recalculation must also be reversed and the case remanded for the trial court to determine if a child support modification is warranted and, if so, to then recalculate the arrearage.
Although the mother argues reversible error in allowing the father to amend his petition during the hearing, it was within the court's discretion to allow the amendment because it determined that the issues relating to reducing child support and to payments to the trust fund related to the original petition. Rule 15, Ala. R. Civ. P.
Regarding the contempt issue, although there was incriminating testimony regarding the father's spending habits, we cannot say that the court abused its discretion in failing to find the father in contempt. This court has held that the question whether a party is in contempt for nonpayment of child support is within the sound discretion of the trial court, and absent an abuse of that discretion this court will affirm. Stack v. Stack, 646 So.2d 51 (Ala.Civ.App.1994).
*158 The mother's request for an attorney fee on appeal is granted in the amount of $1,000. Wilson v. Wilson, 537 So.2d 942 (Ala.Civ. App.1988).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, J., concur.
CRAWLEY, J., concurs in part and dissents in part.
CRAWLEY, Judge, concurring in part and dissenting in part.
I respectfully dissent from the majority's reversal of the trial court's computation of the amount of child support according to Rule 32, Ala.R.Jud.Admin. The majority believes that the trial court erred by refusing to consider evidence regarding the needs of the child when determining child support. I believe, however, that the trial court did consider the needs of the child. Whenever a trial court relies on the child support guidelines, as it did here, it is considering the needs of the child because those needs are included in the schedule of basic child support obligations. The schedule "was developed through research sponsored by the National Center for State Courts and is based on extensive economic research on the cost of supporting children at various income levels." Rule 32 (Comment) (emphasis added).
Thus, the schedule of basic child support obligations has a built-in need assessment factor. The majority's requirement that the court consider the needs of the child is contrary to Rule 32(C)(1), which states that "[t]he basic child support obligation shall be determined by using the schedule of basic child support obligations." (Emphasis added.)
In Ex parte Head, 572 So.2d 1276 (Ala. 1990), the supreme court held that the word "shall" is mandatory when used in a rule promulgated by that court. In Martin v. Martin, 637 So.2d 901 (Ala.Civ.App.1994), this court held that the word "shall" in Rule 32(E) is mandatory, and there is no reason why the word as used in Rule 32(C) is not also mandatory. Further, in Martin, this court held that Rule 32(E) mandates the filing of "[a] standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form." 637 So.2d at 902. Obviously, if the filing of these forms that contain the income of the parties is mandatory, the trial court must first use the income information provided in these forms to calculate the amount of child support according to the schedule before considering any deviation from the guidelines. "Findings that rebut the guidelines must state the amount of support that would have been required under the guidelines and include a justification of why the order varies from the guidelines." Nancy S. Erickson, Child Support Guidelines: A Primer, 27 Clearinghouse Review 734, 735 (1993) (footnote omitted).
After an amount of child support is determined in compliance with Rule 32, the trial court can, if it considers deviating from that amount, consider the special needs of the child. For example, when the parents' combined monthly gross income exceeds the uppermost level provided for in the child support schedule, the trial court has discretion in determining the appropriate amount of child support. Anonymous v. Anonymous, 617 So.2d 694, 696 (Ala.Civ.App.1993). In that instance, the trial court should relate the amount of child support "to the reasonable and necessary needs of the child." Anonymous, 617 So.2d at 696.
In this particular case, the combined monthly gross income of the parents changed between the date of the joint modification agreement in August 1992 and the date of the filing for modification in the instant case, resulting in a difference of more than 10 percent in the amount of child support. Therefore, the father met his burden and established a rebuttable presumption in favor of the modification of child support by presenting evidence of a 10 percent change in his child support obligation under the guidelines.
Once the father established the rebuttable presumption under Rule 32(A)(3)(b) that a modification was warranted, the mother could have, but did not, offer evidence of the *159 reasonable and necessary needs of the child. Her only answer to her attorney's question as to "How much child support do you need for [the child's] benefit at this time?" was "Six hundred dollars a month." The husband objected to this question before her answer, but the trial court overruled the objection. The mother made no attempt to offer additional evidence to explain how she arrived at that amount. The mother's conclusory statement did not contain information to support factual inferences to prove her claim. Her conclusory statement was not binding on the trial court, and the court could have chosen not to believe her testimony. Barrett Mobile Home Transport, Inc. v. McGugin, 423 So.2d 1371 (Ala.Civ.App.), cert. den., 423 So.2d 1375 (Ala.1982).
The majority states that the court excluded from its consideration any evidence regarding the needs of the child by reference to a statement of the trial court "`I'm going to base my decision in this case ... on provable financial resources available, irrespective of the need.'" Even if the majority were correct that this statement showed that the trial court disregarded the child's needs, the trial court did not commit reversible error. This quote occurred during questioning of the father by his attorney regarding college expenses. The trial court did not modify the husband's responsibility for payment of college expenses for the child, who was only 16 at the time of the trial, and any statement of the trial court's intention, even if error, was harmless. The testimony about the child's attendance at a private school, if not objected to by the mother's attorney, would have revealed information about the needs of the child. The mother's objection stopped further inquiry into this area, and the mother certainly cannot now allege error.
The trial court did not err in using the information in the child support obligation income statement/affidavit form ("income statement") that the father filed with his petition to modify. The filing of the income statement is mandatory, and it is an affidavit. In Martin, this court stated:
"[I]f one party's statement of income form is disputed by the other party, then that issue can be resolved by competent evidence at the trial court level. Otherwise, the undisputed Income Statement/Affidavit would be part of the record for an appellate court to review on appeal regarding child support issues."
Martin, 637 So.2d at 903 (emphasis added).
I do not believe the trial court erred by using the father's income statement to determine the father's average monthly income. The wife argues that she had no opportunity to cross-examine the husband about "his previously submitted income affidavit." As discussed above, it is mandatory that the trial court use the information contained in the income statements. The mother contends that when the trial court, in considering the father's Rule 59 motion, decided to use the information in the father's income statement, she should have been given the opportunity to cross-examine the father on the accuracy of that information. The father's income statement was attached to the father's petition to modify, and the mother knew, or should have known, that the trial court was required to use that information in determining whether a modification was warranted. The mother, however, chose not to cross-examine the father about his income statement at trial; she, therefore, waived her right to cross-examine him later at the hearing on his post-trial motion.
Contrary to the mother's argument, the case of Ex parte Beckham, 643 So.2d 1373 (Ala.1994), is not controlling here. In Beckham, a psychological evaluation of the parties "was submitted to the court after the close of all testimony, and the court considered [the evaluation] without making the contents known to the parties and without allowing the parties the opportunity to cross-examine... or otherwise challenge [the] conclusions [of the court-appointed psychologist]." Beckham, 643 So.2d at 1374. In the instant case, the income affidavit was filed with the father's petition for modification and was available throughout the proceedings. The trial court did not err in applying the guidelines and modifying the amount of child support based upon the facts before it.
*160 Because I would affirm the trial court, I would not grant an attorney's fee to the mother.