I respectfully dissent from the majority's reversal of the trial court's computation of the amount of child support according to Rule 32, Ala.R.Jud.Admin. The majority believes that the trial court erred by refusing to consider evidence regarding the needs of the child when determining child support. I believe, however, that the trial court did consider the needs of the child. Whenever a trial court relies on the child support guidelines, as it did here, it is considering the needs of the child because those needs are included in the schedule of basic child support obligations. The schedule "was developed through research sponsored by the National Center for State Courts and is based on extensive economic research on thecost of supporting children at various income levels." Rule 32 (Comment) (emphasis added).
Thus, the schedule of basic child support obligations has a built-in need assessment factor. The majority's requirement that the court consider the needs of the child is contrary to Rule 32(C)(1), which states that "[t]he basic child support obligation shall be determined by using the schedule of basic child support obligations." (Emphasis added.)
In Ex parte Head, 572 So.2d 1276 (Ala. 1990), the supreme court held that the word "shall" is mandatory when used in a rule promulgated by that court. In Martin v. Martin,637 So.2d 901 (Ala.Civ.App. 1994), this court held that the word "shall" in Rule 32(E) is mandatory, and there is no reason why the word as used in Rule 32(C) is not also mandatory. Further, inMartin, this court held that Rule 32(E) mandates the filing of "[a] standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form." 637 So.2d at 902. Obviously, if the filing of these forms that contain the income of the parties is mandatory, the trial court must first use the income information provided in these forms to calculate the amount of child support according to the schedule before considering any deviation from the guidelines. "Findings that rebut the guidelines must state the amount of support that would have been required under the guidelines and include a justification of why the order varies from the guidelines." Nancy S. Erickson, Child Support Guidelines: A Primer, 27 Clearinghouse Review 734, 735 (1993) (footnote omitted).
After an amount of child support is determined in compliance with Rule 32, the trial court can, if it considers deviating from that amount, consider the special needs of the child. For example, when the parents' combined monthly gross income exceeds the uppermost level provided for in the child support schedule, the trial court has discretion in determining the appropriate amount of child support. Anonymous v. Anonymous,617 So.2d 694, 696 (Ala.Civ.App. 1993). In that instance, the trial court should relate the amount of child support "to the reasonable and necessary needs of the child." Anonymous, 617 So.2d at 696.
In this particular case, the combined monthly gross income of the parents changed between the date of the joint modification agreement in August 1992 and the date of the filing for modification in the instant case, resulting in a difference of more than 10 percent in the amount of child support. Therefore, the father met his burden and established a rebuttable presumption in favor of the modification of child support by presenting evidence of a 10 percent change in his child support obligation under the guidelines.
Once the father established the rebuttable presumption under Rule 32(A)(3)(b) that a modification was warranted, the mother could have, but did not, offer evidence of the *Page 159 
reasonable and necessary needs of the child. Her only answer to her attorney's question as to "How much child support do you need for [the child's] benefit at this time?" was "Six hundred dollars a month." The husband objected to this question before her answer, but the trial court overruled the objection. The mother made no attempt to offer additional evidence to explain how she arrived at that amount. The mother's conclusory statement did not contain information to support factual inferences to prove her claim. Her conclusory statement was not binding on the trial court, and the court could have chosen not to believe her testimony. Barrett Mobile Home Transport, Inc.v. McGugin, 423 So.2d 1371 (Ala.Civ.App.), cert. den.,423 So.2d 1375 (Ala. 1982).
The majority states that the court excluded from its consideration any evidence regarding the needs of the child by reference to a statement of the trial court " 'I'm going to base my decision in this case . . . on provable financial resources available, irrespective of the need.' " Even if the majority were correct that this statement showed that the trial court disregarded the child's needs, the trial court did not commit reversible error. This quote occurred during questioning of the father by his attorney regarding college expenses. The trial court did not modify the husband's responsibility for payment of college expenses for the child, who was only 16 at the time of the trial, and any statement of the trial court's intention, even if error, was harmless. The testimony about the child's attendance at a private school, if not objected to by the mother's attorney, would have revealed information about the needs of the child. The mother's objection stopped further inquiry into this area, and the mother certainly cannot now allege error.
The trial court did not err in using the information in the child support obligation income statement/affidavit form ("income statement") that the father filed with his petition to modify. The filing of the income statement is mandatory, and it is an affidavit. In Martin, this court stated:
 "[I]f one party's statement of income form is disputed by the other party, then that issue can be resolved by competent evidence at the trial court level. Otherwise, the undisputed Income Statement/Affidavit would be part of the record for an appellate court to review on appeal regarding child support issues."
Martin, 637 So.2d at 903 (emphasis added).
I do not believe the trial court erred by using the father's income statement to determine the father's average monthly income. The wife argues that she had no opportunity to cross-examine the husband about "his previously submitted income affidavit." As discussed above, it is mandatory that the trial court use the information contained in the income statements. The mother contends that when the trial court, in considering the father's Rule 59 motion, decided to use the information in the father's income statement, she should have been given the opportunity to cross-examine the father on the accuracy of that information. The father's income statement was attached to the father's petition to modify, and the mother knew, or should have known, that the trial court was required to use that information in determining whether a modification was warranted. The mother, however, chose not to cross-examine the father about his income statement at trial; she, therefore, waived her right to cross-examine him later at the hearing on his post-trial motion.
Contrary to the mother's argument, the case of Ex parteBeckham, 643 So.2d 1373 (Ala. 1994), is not controlling here. InBeckham, a psychological evaluation of the parties "was submitted to the court after the close of all testimony, and the court considered [the evaluation] without making the contents known to the parties and without allowing the parties the opportunity to cross-examine . . . or otherwise challenge [the] conclusions [of the court-appointed psychologist]."Beckham, 643 So.2d at 1374. In the instant case, the income affidavit was filed with the father's petition for modification and was available throughout the proceedings. The trial court did not err in applying the guidelines and modifying the amount of child support based upon the facts before it. *Page 160 
Because I would affirm the trial court, I would not grant an attorney's fee to the mother.