PITTMAN, Judge.
Matthew Gingrich (hereinafter “the father”) appeals a child-support-modification and visitation order. The father and Charlene Gingrich (hereinafter “the mother”) were divorced September 7, 1993. They had one child. The trial court awarded primary physical custody of the minor child to the father, reserving to the mother specific visitation rights. In September 1999, the father filed a motion for rule nisi alleging that the mother had violated the visitation provisions of the custody order. Additionally, the motion alleged that the mother had failed to comply with the requirement that each party keep the other informed as to the child’s location.
At the same time, the father filed a motion seeking to modify child support and to prevent the mother from leaving the child alone with the maternal grandfather, who had molested the mother when she was a child. On February 28, 2000, the mother filed a motion to dismiss, alleging that the trial court lacked jurisdiction because the father and the mother, as well as the child, live out-of-state. Following a hearing, the trial court denied the motion to dismiss on May 22, 2000. The mother then filed a motion to alter, amend, or vacate the order denying the motion to dismiss. The trial court denied this motion on June 30, 2000.
On October 6, 2000, the mother filed her response to the father’s motions. She also filed a crossmotion seeking to have the father held in contempt, and alleging that the father had denied her visitation rights, had acted in a hostile manner toward her and her family in front of the child, and had made it difficult for her to contact him concerning visitation. The mother sought to modify the visitation provision by having the father pay one-half of the transportation costs related to visitation. The cause was heard on October 25 and 26, 2000, and the trial court issued its order on November 2, 2000.
Among other things in its order, the trial court found the mother to be in contempt, but allowed her to purge herself of the contempt by agreeing to obey all future orders of the court. The trial court ordered the mother to immediately pay a child-support arrearage of $1,086.66 to the circuit clerk’s office and raised her child-support obligation to $125 per month. The trial court further ordered the mother to reimburse the father $178.50 for the cost of a plane ticket and ordered that the circuit clerk should disburse this money to the father together with the child-support arrearage. The mother was also ordered to pay $500 toward the father’s attorney fees.
A substantial portion of the trial court’s order details specific procedures relating to visitation. With respect to the costs associated with the child’s travel for visitation, the trial court ordered the father and the mother to share the costs equally.
On appeal, the father questions whether the trial court erred in requiring the father and the mother to share equally the visitation expenses of the child, and whether the trial court correctly set the mother’s child-support obligation. The mother did not file a brief in response. The father invites this court to review the record in light of Martin v. Martin, 637 So.2d 901 (Ala.Civ. App.1994). He argues that because both parents did not complete “Child Support Obligation Income Statement/Affifavit” forms (Form CS 41), the trial court’s judgment cannot be upheld on appeal.
In Martin this court established the rule that when the record does not reflect compliance with Rule 32(E), Ala. R. Jud. Admin., and when child support is made an issue on appeal, this court must remand for compliance with Rule 32(E). Martin, *56 637 So.2d at 903. Our review of the record verifies the father’s assertion that the required forms were not filed. While the father filed a CS-41 as well as a CS-42, the mother failed to file any child-custody forms. Because the mother is the noncustodial parent and obligated to pay child support, the trial court needed the forms the mother failed to file before it could enter an accurate order modifying support. Even if we assume that the trial court adopted the CS-42 filed by the father as indicating the mother’s income, the mother’s testimony during the hearing disputes the income figures imputed to the mother on the father’s CS-42 form. Without those forms, it is impossible for this court to determine if the trial court correctly applied the guidelines in modifying the mother’s child-support obligation. We must reverse and remand for further proceedings in compliance with Rule 32. Id. See also Gordon v. Gordon, 804 So.2d 241 (Ala.Civ.App.2001).
Because further proceedings concerning the mother’s child-support obligation are necessary, and.because the trial court will have the power to modify its judgment regarding allocation of costs of visitation, we will not address at this time the father’s contention that the trial court erred in splitting visitation costs equally between the mother and the father.
REVERSED AND REMANDED.
CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result.
YATES, P.J., concurs in part and dissents in part.