PITTMAN, Judge.
This is an appeal from the trial court’s final judgment of divorce.
Angelia Okonkwo filed a complaint for divorce from Matthew Onkonkwo on October 16, 2000. The matter was set for a reference hearing on November 15, 2000. The referee filed a report of reference on November 16, 2000, which found that the husband should pay the wife $250 per month for child support, or, should the husband be awarded custody of the minor children, then the wife should pay the husband $250 per month for child support. The matter was then set for trial on February 28, 2001. The trial court entered a final judgment of divorce, and the husband filed a motion for a new trial or, in the alternative, to alter, amend, or vacate the judgment. The husband’s motion was denied, he appealed.
The husband contends that the trial court erred in determining his child-support obligation because, he says, it did not follow the mandates of Rule 32(E), Ala. R. Jud. Admin., and our decision in Martin v. Martin, 637 So.2d 901 (Ala.Civ.App.1994). The husband also argues that the trial court’s division of the marital property is in error and that the trial court erred in awarding the wife attorney fees.
Rule 32(E), Ala. R. Jud. Admin., reads, in pertinent part, as follows:
“A standardized Child Support Guidelines form and a Child Support Obligation Income Statement/Affidavit form shall be filed in each action to establish or modify child support obligations and shall be of record and shall be deemed to be incorporated by reference in the *133 court’s child support order. In conformance to Section (A)(2) of this Rule, in stipulated cases the court may accept the filing of a Child Support Guidelines Notice of Compliance form.”
In Martin, we held that “the word ‘shall’ in Rule 32(E), Ala. R. Jud. Admin., mandates the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form.” 637 So.2d at 902. Additionally, we noted that “stipulated cases, i.e., where the parties have agreed upon a child support amount in compliance with the guidelines, are the only exceptions to the requirement of filing a child support guideline form and income affidavit forms.” Id. at 902.
A close review of the record shows that at the reference hearing, both parties filed a child-support-obligation-income statement/affidavit, otherwise known as a CS-41 form. However, neither party filed a child-support-guidelines form, otherwise known as a CS-42. The CS-42 is necessary because it gives information regarding gross income, previous child support and alimony information, and work-related child-care and health-insurance costs. This information is necessary for this court to have any meaningful review of a child-support order that is the subject of appeal. See Horwitz v. Horwitz, 739 So.2d 1118, 1120 (Ala.Civ.App.1999); see also Martin, 637 So.2d at 902-03.
Since the decision in Martin, it has been a steadfast rule that
“when the record does not reflect that Rule 32(E) was complied with and child support is made an issue on appeal, the policy of this court will be either to immediately remand jurisdiction of the case temporarily back to the trial court for compliance or to reverse the judgment and remand the case for further proceedings in compliance with Rule 32, Ala. R. Jud. Admin.”
637 So.2d at 903. Therefore, that portion of the trial court’s judgment awarding child support is due to be reversed.
The husband also argues that the trial court erred in its division of the marital property and in its award to the wife of attorney fees. We disagree. In reviewing a judgment of the trial court in a divorce case, where the trial court has made findings of fact based on oral testimony, we are governed by the ore tenus rule. Under this rule, the trial court’s judgment based on those findings will be presumed correct and will not be disturbed on appeal unless it is plainly and palpably wrong. Hartzell v. Hartzell, 623 So.2d 323 (Ala. Civ.App.1993). Matters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those matters. Willing v. Willing, 655 So.2d 1064 (Ala. Civ.App.1995).
In dividing marital property and awarding alimony, the trial court should consider the following factors: (1) the earning abilities of the parties; (2) their probable future prospects; (3) their ages, health, and station in life; (4) the duration of the marriage; and (5) the conduct of the parties with reference to the cause of divorce. Paulson v. Paulson, 682 So.2d 1060, 1063 (Ala.Civ.App.1996), citing Echols v. Echols, 459 So.2d 910, 911-12 (Ala.Civ.App.1984).
A thorough review of the record shows more than sufficient testimony to affirm the trial court’s ruling as to the property division. We note that there was no award of alimony to the wife, that the husband’s testimony regarding current income, and therefore future earning capability, was evasive and vague, and that there was fault alleged and testified to by both parties concerning the breakup of the marriage.
*134 As for the husband’s argument that the trial court erred in awarding the wife attorney fees, we note that besides the general ore tenus presumption afforded the trial court in this instance, we have also consistently held that an attorney fee may be allowed in a divorce case, in the discretion of the trial court. See Zinnerman v. Zinnerman, 803 So.2d 569 (Ala.Civ.App. 2001); Sanders v. Gilliland, 628 So.2d 677 (Ala.Civ.App.1993); and Holmes v. Holmes, 487 So.2d 950 (Ala.Civ.App.1986).
Therefore, those portions of the trial court’s judgment dividing the marital property and awarding attorney fees are affirmed. That portion of the trial court’s judgment setting the amount of child support is reversed. The cause is remanded for proceedings consistent with this opinion.
Additionally, the appellee’s request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result.