The parties, Michael Meador and Theresa Ann Meador, were divorced by decree of the Madison County Circuit Court on January 16, 1981. The mother was awarded custody of the parties' two minor children, and the father was ordered to pay child support. The older child, a daughter, reached majority in 1987.
On February 2, 1992, the mother filed a petition for rule nisi and for contempt, and the father answered the petition. On September 22, 1992, the trial court conducted an ore tenus proceeding on the mother's petition.
On December 11, 1992, the trial court entered a judgment, ordering the father to pay $572 per month child support for the parties' younger child, a son, "subject to the extension of the obligation to pay child support while the said child becomes a full-time student seeking his advanced education as set forth in this decree." The trial court also ordered the father to pay one-half of all reasonable and necessary education expenses in connection with the son's pursuit of a baccalaureate degree, including books, fees, tuition, and room and board.
The father appeals, contending that the trial court erred in ordering him to pay $572 per month post-minority child support and in ordering him to pay one-half of all reasonable and necessary education expenses in connection *Page 908 
with his son's pursuit of a baccalaureate degree.
The child support guidelines, set out in Rule 32 of the Alabama Rules of Judicial Administration, were created to equitably determine the amount of support due aminor child. Yarbrough v. Motley, 579 So.2d 684 (Ala.Civ.App. 1991). The guidelines have not been utilized to determine the amount of monthly child support owed for a child past the age of majority, however, our supreme court has held that where a child is so mentally or physically disabled as to be unable to support himself or herself then, the payment of child support may be ordered past the age of majority. Ex parte Brewington,445 So.2d 294 (Ala. 1983). The record contains no evidence that the parties' son is mentally or physically disabled in any way. Therefore, there being no legal basis for the trial court's award of post-minority child support, the judgment of the trial court extending the father's obligation to pay support after the child reaches 19 years of age, is reversed.
In order for a trial court to grant post-minority educational support for a child of divorced parents, it "shall consider all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education." Exparte Bayliss, 550 So.2d 986, 987 (Ala. 1989) (emphasis in original).
In Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App. 1990), this court held that a parent has a legal duty to provide, or to aid in providing, a college education if the child demonstrates the ability and willingness to attain a higher education and the parent has sufficient estate, earning capacity, or income to provide financial assistance without undue hardship to himself. In Bayliss v. Bayliss,575 So.2d 1117 (Ala.Civ.App. 1990), this court held that it was not an abuse of discretion for the trial court to order the father to pay an amount equivalent to room, board, books, tuition, and necessary fees at Auburn University, where the son was attending a private college and the father was excluded from his son's college selection process.
This court has held that without legal evidence as to the amounts required for books and tuition or for actual costs of room and board, we cannot determine whether the sums required to be paid by a father for post-minority educational support would cause him undue hardship. Thrasher, supra. The record in this case contains no evidence of which colleges the parties' son is considering attending, or of the costs of tuition, room, board, books, or other necessary fees. Therefore, we cannot determine whether it is reasonable for the father to pay one-half of his son's post-minority educational support, nor can we determine whether the post-minority educational support would be an undue hardship to the father.
In addition, we find that the trial court erred by not placing any kind of temporal or academic progress restrictions upon the continued payment of post-minority educational support. Hocutt v. Hocutt, 591 So.2d 881
(Ala.Civ.App. 1991). In Kent v. Kent, 587 So.2d 409 (Ala.Civ.App. 1991), this court reversed the judgment of the trial court, which required a parent to pay post-minority educational support contingent only upon the child's remaining "enrolled as an undergraduate student in any institute of higher learning." In Kent, the judgment of the trial court had the potential to allow the child to prolong obtaining his undergraduate degree well beyond four years, by not requiring the child to take a minimum number of courses each session, or limiting the courses that the child could withdraw from each session. The judgment of the trial court in this case has the same potential for the prolongation of the father's obligation to pay post-minority educational support.
Therefore, we hold that the trial court failed to place sufficient restrictions on the number of college years or courses for which the father would be responsible for paying or aiding in the payment; failed to make findings to determine the expenditures, including room and board, that will be necessary for the son to attend college; and failed to make a determination of whether these expenditures will result in undue hardship to the father. *Page 909 
The above portions of the judgment of the trial court are reversed, and this case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
THIGPEN and YATES, JJ., concur.