Charles Edward Barnes and Joan Dickinson Barnes were divorced by the Marion County Circuit Court on February 3, 1984. The mother was awarded custody of the parties' minor child, a nine-year-old son, and the father was awarded reasonable visitation. The trial court ordered the father to pay $25 per week as child support and to pay all medical expenses, including dental expenses, for the minor child.
On October 31, 1993, the State of Alabama, on behalf of the mother, filed a petition to require the father to pay for medical insurance for the parties' son, who was then 18 years old, to pay all his medical, dental, optical, orthodontic, and pharmaceutical expenses not covered by insurance; and to provide him post-minority educational support.
Following an ore tenus proceeding on December 15, 1993, the trial court entered a judgment on January 6, 1994, ordering the father, among other things, to pay post-minority support in the amount of $50 per week as long as the parties' son remains in college and to maintain health insurance on the parties' son. The father's post-judgment motion was denied by operation of law, pursuant to Rule 59.1, Ala.R.Civ.P., on May 2, 1994.
The father appeals, raising two issues; (1) whether the trial court erred by not applying the criteria of Ex parte Bayliss in its modification order providing for post-minority educational support; and (2) whether the trial court erred by ordering him to pay for medical insurance on a child who has reached the age of majority.
First we address whether the trial court erred by not applying the criteria of Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), in its modification order providing for post-minority educational support. The father argues that the post-minority educational support ordered by the trial court would work an undue hardship upon him. We note that in the record there is no court reporter's transcript of the testimony upon which the trial court based its decision. Also, there is no Rule 10(d), Ala.R.App.P., statement of the evidence in lieu of a transcript. The rule is well settled in Alabama that where the trial court considered oral testimony in reaching its decision and that testimony is not in the record, the testimony is presumed sufficient to support the judgment. Jones v. Jones,603 So.2d 1109 (Ala.Civ.App. 1992). Consequently, that portion of the judgment of the trial court ordering the father to pay $50 per week as post-minority educational support is affirmed.
The father next argues that the trial court erred by not placing a time limitation on the father's responsibility with regard to his son's post-minority education or by not requiring the son to maintain both a "C" average and full-time student status while attending college. In Kent v. Kent, 587 So.2d 409
(Ala.Civ.App. 1991), this court reversed a judgment of the trial court requiring a parent to pay post-minority educational support contingent only upon the child's remaining "enrolled as an undergraduate student in any institution of higher learning." 587 So.2d at 410. In Kent, the judgment of the trial court had the potential to allow the child to prolong obtaining his undergraduate degree well beyond four years, by not requiring the child to take a minimum number of courses each session, or by not limiting the courses that the child could withdraw from each session. The judgment in this case has an even greater potential to prolong the father's obligation to pay post-minority educational support, because the father's obligation continues "as long as the child . . . remains in college." Therefore, we hold that the trial court erred by not placing any kind of temporal or academic-progress restrictions upon the continued obligation to pay post-minority educational support. Meador v. Meador, 628 So.2d 907 (Ala.Civ.App. 1993).
We next address whether the trial court erred by ordering the father to pay for *Page 312 
medical insurance on a child who had passed the age of minority. The general rule in Alabama is that a trial court has no jurisdiction to require a parent to provide support for a child once that child has reached the age of majority.Whitten v. Whitten, 592 So.2d 183 (Ala. 1991). However, there are two exceptions to the general rule: (1) "when the adult child is so mentally and/or physically disabled as to be unable to support himself," Ex parte Brewington, 445 So.2d 294, 296
(Ala. 1983), and (2) when application is made for post-minority educational support before the child reaches the age of majority. Ex parte Bayliss, 550 So.2d 986 (Ala. 1989).
The record reflects that the parties' son had reached the age of majority on December 24, 1993. However, the record contains no evidence that the parties' adult son is so physically or mentally disabled that he is unable to support himself.Brewington, supra. Furthermore, in light of the trial court's order regarding post-minority educational expenses, it does not appear that the trial court considered the maintenance of health insurance to be in the nature of Bayliss support. Consequently, the trial court was without authority to order the father to maintain health insurance on the parties' son after he had reached the age of majority; therefore, we must reverse that portion of the judgment.
We affirm that portion of the judgment of the trial court ordering the father to pay $50 per week as post-minority educational support for the parties' son; we reverse that portion of the judgment that ordered the father to maintain health insurance on the parties' adult son; and we remand this cause for the trial court to place temporal or academic restrictions upon the continued payment of post-minority educational support for the parties' son.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.