This post-divorce case involves the matter of child support. The parties have previously appeared before this court. SeeWells v. Wells, 533 So.2d 606 (Ala.Civ.App. 1987), writ quashed, Ex parte Wells, 533 So.2d 608 (Ala. 1988).
In 1993, the mother filed a motion seeking an arrearage, and an order finding the father in contempt based upon the child support provisions of a 1989 order. She also sought increased post-minority support for college expenses for the younger son. The older son is not involved in this action.
After ore tenus proceedings, the trial court ultimately entered an order and an amended order, which expressly found that no arrearage existed, and it reduced the father's post-minority support obligation to $300 per month. Hence, this appeal.
The mother argues two issues on appeal: (1) whether the trial court erred in finding that no arrearage existed; and, (2) whether the trial court abused its discretion by reducing the father's post-minority support obligation.
The mother contends that the trial court erred in not finding an arrearage, because her undisputed testimony was that the father did not pay monthly child support after May 1992. The 1989 order directed the father to pay "$300.00 per month so long as said child attends [a certain private school]." Additionally, the father was ordered to pay $2,800 per semester in post-minority support for college expenses, with certain conditions and restrictions. The son graduated from the private school in May 1992, and his nineteenth birthday was in March 1993. He attended summer college classes immediately after high school graduation. Although the reasons the son attended summer school are disputed, it is undisputed that the father paid some of the costs for his summer session, and that he used that amount to offset the amount of his obligation for the fall semester.
The mother argues that the father was ordered to pay monthly support until the child's nineteenth birthday, and she seeks an arrearage for the period between June 1992 and March 1993. She argues that the monthly child support obligation was in addition to the post-minority support obligation. The father asserts that his monthly child support obligation ended when the child no longer attended the private school, and that *Page 619 
the trial court properly interpreted its prior order.
Although our reading of the 1989 order discloses no ambiguity in its terms regarding the monthly child support obligation, when the interpretations of the parties differ, it is the duty of a trial court to resolve those conflicts. Grizzell v.Grizzell, 583 So.2d 1349 (Ala.Civ.App. 1991), writ quashed,Ex parte Grizzell, 583 So.2d 1351 (Ala. 1991). The trial court considered the 1989 order, and it received testimony and heard arguments regarding the child support provisions of that order. The record contains ample evidence supporting the trial court's finding regarding arrearage, and we find no error in the trial court's determination that no arrearage existed.
The mother next contends that the trial court abused its discretion in reducing the father's post-minority support obligation. She specifically argues that the issue ofreduction was not argued and that she sought an increase in the father's support obligation, based upon the increased needs of the child, the increase in college expenses, and the father's increased earnings since the 1989 order. In brief, the father concedes that he "did not specifically request a reduction in payment of expenses;" however, he asserts that he was entitled to the reduction on equitable grounds.
The general principles concerning child support are "equally applicable to a [Ex parte] Bayliss [550 So.2d 986] (Ala. 1989) motion for post-minority college support." Berry v. Berry,579 So.2d 654, 656 (Ala.Civ.App. 1991). Child support is a matter that rests within the sound discretion of the trial court, and its judgment will not be reversed, absent a showing that it abused its discretion. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985). Additionally, where the evidence is presented ore tenus in a child support case, the trial court's judgment is presumed correct. Berry, supra. A child support order may be modified only upon the showing of a material change in circumstances that is substantial and continuing. Holliday v.Holliday, 590 So.2d 335 (Ala.Civ.App. 1991).
The record contains evidence that the son has obtained student loans, and that he receives financial assistance from his maternal grandfather to help defray his college expenses. The mother testified that she sold their home, and that she has moved in with her parents in order to help pay the son's college expenses. There was no evidence that the father's ability to pay had decreased and no evidence that the child's college expenses had decreased since the 1989 order. Our review of the record discloses no evidence to support a reduction in the father's support obligation.
Accordingly, the trial court's judgment reducing the father's post-minority support obligation is reversed, and the cause is remanded for the trial court to enter an order consistent with this opinion. On remand, the trial court may deny the mother's modification request, thus reinstating the 1989 order, or it may enter an order granting the mother's request for an increase in the father's support obligation based upon the principles and instructions given in Thrasher v. Wilburn,574 So.2d 839 (Ala.Civ.App. 1990).
The father's request for an attorney fee is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.