I respectfully dissent from the majority's holding reversing the judgment of the trial court which ordered the father to provide health insurance for the child during her attendance at college. The majority relied upon Barnes v. State ex rel.Barnes, 653 So.2d 310 (Ala.Civ.App. 1994), wherein Presiding Judge Robertson stated:
 "Furthermore, in light of the trial court's order regarding post-minority educational expenses, it does not appear that the trial court considered the maintenance of health insurance to be in the nature of Bayliss support. Consequently, the trial court was without authority to order the father to maintain health insurance on the parties' son after he had reached the age of majority."
Barnes, 653 So.2d at 312.
Here, the trial court did consider the maintenance of health insurance to be in the nature of Bayliss support.
 "4. From the date of this order forward, the [father] shall continue to maintain health insurance on the minor child so long as she is a full time student maintaining a 'C' average or above but in no event beyond her 22nd birthday or four years of continuance college, whichever occurs first."
In her Motion to Modify, the mother alleged:
 "The minor child born of the marriage is attending college at the present time and it is necessary that her medical and dental expenses be paid.
 "WHEREFORE, Your Petitioner prays this Honorable Court will extend the obligation of the . . . Father, . . ., to pay for all medical and dental expenses of the child born to the marriage through her graduation from college."
The requirements for full-time status, a level of academic achievement, and age or term limitations used by the trial court are common characteristics of Bayliss support. See Barnesv. State ex rel. Barnes, 653 So.2d 310 (Ala.Civ.App. 1994);Meador v. Meador, 628 So.2d 907 (Ala.Civ.App. 1993); and Kentv. Kent, 587 So.2d 409 (Ala.Civ.App. 1991).
In Payne v. Williams, 678 So.2d 1118 (Ala.Civ.App. 1996) (Crawley, J.), a Bayliss case, this court affirmed the trial court's judgment ordering the father to provide college expenses and "to cover the child on the health insurance plan provided through his employer or to secure replacement health insurance benefits for her as long as she qualified as a dependent." 678 So.2d at 1120.