Sinclair-Lawrence Associates., Inc., and Sinclair-Lawrence Associates, Muscle Shoals, Inc. (Sinclair-Lawrence), sued Tom Jones Insurance Company, Inc. (Tom Jones), for malicious prosecution, based on an underlying civil lawsuit filed by Tom Jones against Sinclair-Lawrence.
Sinclair-Lawrence filed its complaint on April 28, 1998, claiming that on May 6, 1997, Tom Jones had maliciously instituted a civil action against Sinclair-Lawrence based on theories of misappropriation of trade secret and conversion. Tom Jones filed a motion for summary judgment. The trial court, without having ruled on that motion, conducted a jury trial. At the close of Sinclair-Lawrence's case-in-chief, and again at the close of its own case-in-chief, Tom Jones made motions for a judgment as a matter of law. The court denied these motions. The jury returned a verdict in favor of Sinclair-Lawrence, finding Tom Jones liable for ($0) in compensatory damages and $50,000 in punitive damages. On February 4, 1999, Tom Jones filed a renewed motion for a judgment as a matter of law, incorporating its arguments of the previous motion for summary judgment, and its arguments on the previous motion for judgment as a matter of law. Tom Jones further argued that the verdict was improper because the jury awarded punitive damages after assessing no compensatory damages, and it requested that the jury verdict be overturned and that the trial court direct a verdict in its favor. *Page 212 
On February 19, 1999, Sinclair-Lawrence moved for a new trial, requesting the trial court to set aside the jury's verdict and order a new trial. After a hearing on the motions, the trial court granted Sinclair-Lawrence's motion for a new trial. Tom Jones appeals.
The record indicates the following. Sharon Cooper (the employee), is a former employee of Tom Jones. After working two years for Tom Jones, she terminated her employment and began working for Sinclair-Lawrence, Inc., a competing insurance company. She had had access to Tom Jones's customer-expiration lists, which contained information including the customer's name, policy number, and policy expiration date. Witnesses testified that these lists are highly confidential and important to insurance companies because of the need to renew the policy at its expiration and because of the keen competition between competing agents. Shortly after Cooper left her employment with Tom Jones, the policy expiration list corresponding to her assignments, which had been kept in her desk, was discovered to be missing. Tom Jones became aware that an unusually high number of its customers were being contacted by Sinclair-Lawrence. Tom Jones was suspicious because the customers contacted by Sinclair-Lawrence were customers named on the missing expiration list. Upon advice of counsel, Tom Jones wrote a letter to Sinclair-Lawrence requesting that any use of the list cease. Sinclair-Lawrence responded with a letter denying possession of or knowledge of, the list. Tom Jones contends that the problem did not stop. It filed a lawsuit seeking damages for misappropriation of trade secret, tortious interference with a business relationship, conversion, and negligent and wanton supervision. Ultimately, the lawsuit ended with a summary judgment for Sinclair-Lawrence. Sinclair-Lawrence then filed this present action against Tom Jones, seeking damages for malicious prosecution.
Tom Jones contends that the trial court erred when it denied Tom Jones's motion for a judgment as a matter of law because, Tom Jones argues, Sinclair-Lawrence failed to present substantial evidence indicating a lack of probable cause, which is an essential element of a malicious-prosecution cause of action. We agree.
The elements of a malicious-prosecution cause of action are: (1) a prior prosecution of an action by the present defendant against the present plaintiff; (2) the absence of probable cause for that prior prosection; (3) malice in that prior prosecution; (4) a favorable outcome for the present plaintiff in that prior action; and, (5) damage resulting from that prosecution. Eubanks v. Hall, 628 So.2d 773 (Ala.Civ.App. 1993). The Alabama Supreme Court has defined "probable cause":
 "`"A reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged."`The question is not whether the [malicious prosecution] plaintiff was guilty of the thing charged, but whether the [malicious prosecution] defendant acted in good faith on the appearance of things.'"
Eidson v. Olin Corp. 527 So.2d 1283, 1285 (Ala. 1988) quoting earlier cases). (Brackets and emphasis in Edison.) (Internal citations omitted.)
The undisputed evidence tends to demonstrate that Tom Jones acted in good faith, on a reasonable ground of suspicion that a former employee had provided a customer list to its competitor, and that it had sufficient cause to initiate the original action. Sinclair-Lawrence did not present substantial evidence indicating a lack of probable cause; therefore, the case should not have gone to the jury. The court should have granted Tom Jones's motion for a judgment as a matter of law. The order granting a new trial is reversed, and the cause is remanded for the trial court to *Page 213 
enter a judgment consistent with this opinion. We need not address the other issues raised on this appeal.
REVERSED AND REMANDED.
Robertson, P.J., and Yates, Crawley, and Thompson, JJ., concur.