Jo Ann Dennis and Warren Dwight Dennis married in September 1973. In August 1998, the wife, Jo Ann Dennis, sued for a divorce. The husband filed an answer and a counterclaim. Three children were born of the marriage. At the time of the trial, in May 1999, these children were 24, 19, and 12 years of age.
After the trial, the court entered a judgment divorcing the parties. The judgment awarded each party the property in his or her possession; awarded custody of the parties' minor son to the wife, subject to visitation with the husband; required the husband to pay $449.73 per month in child support for the parties' minor son; and required each party to pay 1/2 of the tuition, books, fees, and board for the 19-year-old daughter's college education. The court also ordered the husband to pay the wife periodic alimony of $150 per month, with these payments to commence on June 1, 2002, or the month following the daughter's graduation, whichever comes first.
The wife filed a motion to alter, amend, or vacate, which the court denied. The wife appeals, and the husband cross-appeals.
The wife contends that the trial court erred in its award of child support because the husband did not file a standardized "Child Support Obligation Income Statement/Affidavit" and because the court did not consider the husband's total gross income in fashioning the child-support award. In his cross-appeal, the husband takes issue with the trial court's imputing income to him, arguing that it was totally unsupported by the evidence. In its order, the trial court stated:
 "7. [The husband] shall pay $449.73 per month for the support, education, and maintenance of the one minor child of the parties. This figure . . . is based upon imputing income to the [husband] in the amount of $26,000 per year. This sum is based upon his pattern and practice of sending income home and based upon the amount of income that other long-haul truck drivers are capable of earning in his situation; as well as his admission on the audiotape that the load he was hauling at the time was one that his broker did not know about and he planned to keep the entire fee for hauling that load."
However, Rule 32(E), Ala. R. Jud. Admin., mandates the filing of a standardized "Child Support Obligation Income Statement/Affidavit". Although the wife filed a standardized Child Support Obligation Income Statement/Affidavit, the husband did not. Thus, that portion of the judgment dealing with the child-support award is reversed. Horwitz v. Horwitz,739 So.2d 1118 (Ala.Civ.App. 1999); Martin v. Martin, 637 So.2d 901
(Ala.Civ.App. 1994).
Both parties take issue with the trial court's requirement that they provide equally for the expenses of their daughter's college education. The wife contends that it was unfair and an abuse of discretion for the trial court to require her to pay one-half of the expenses for their daughter's education and that the husband should have been ordered to provide for their daughter's college education. The husband contends that the trial court's requirement that the parents equally share the college education expenses was arbitrary and that the trial court did not consider whether such a requirement would cause an undue hardship. In its order, the trial court stated: *Page 714 
 "8. Each party shall pay one-half (1/2) of [the 19-year-old daughter's] college tuition, books, fees, and board at any state-supported college she chooses to attend; for so long as said child maintains at least a `C' average. Said tuition payments shall continue for a period of time which would allow said child to complete four years of college at the rate of three quarters per school year and so long as she is a full-time student. There was no evidence presented as to those sums, but both parties requested the other be required to contribute to her college education expenses."
In Thompson v. Thompson, 689 So.2d 885, 888 (Ala.Civ.App. 1997), this court stated:
 "In Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App. 1990), this court held that a parent has a legal duty to provide, or to aid in providing, a college education if the child demonstrates the ability and willingness to attain a higher education and the parent has a sufficient estate, earning capacity, or income to provide financial assistance without undue hardship. . . .
 "This court has held that without legal evidence as to the amounts required for books and tuition or for actual costs of room and board, we cannot determine whether the sums required to be paid by the father for post-minority educational support would cause him undue hardship. Thrasher, supra."
(Emphasis added.) In light of the foregoing, that portion of the judgment dealing with the payment of expenses for the daughter's college education is also reversed.
Both parties also take issue with the trial court's award of periodic alimony to the wife of $150 per month to commence June 1, 2002, or the month following the daughter's graduation from college, whichever comes first. The wife contends that this award is insufficient, and the husband contends that the trial court's award of alimony with payment to begin three years after the rendition of the judgment is unsupported by the evidence and is a punishment for his not having been a good husband and father. In its order, the trial court stated:
 "9. The Court finds there is insufficient evidence to prove that [the husband] is currently the owner of [Triple T] Produce Company. The Court further finds from the evidence presented that [the husband] owns no equitable interest in said company. The Court suspects that he may, but speculation is insufficient proof, and the Court is not reasonably satisfied from the evidence that [the husband] owns any interest in any business at the present.
 "10. The [husband] has not been a husband to his wife nor a father to his children in several years. The [husband] is ordered to pay to the [wife] the sum of $150.00 per month as periodic alimony to commence June 1, 2002, or the month following [the 19-year-old daughter's] graduation, whichever occurs first. Said payments shall continue for a period of ten years, or until [the wife] remarries, or is deceased, whichever occurs first."
In Newton v. Newton, 655 So.2d 1033, 1034 (Ala.Civ.App. 1995), this court stated, "This court has long recognized that the sole purpose of periodic alimony is the support of the dependent former spouse. The function of periodic alimony is to provide support to the dependent former spouse until she becomes self-supporting." (Citations omitted.) (Emphasis in original.) The wife is currently employed full-time with Liberty National Insurance Company. In its order, the trial court requires the wife to pay one-half of the daughter's college-education expenses until 2002, and when the wife no longer has to pay these expenses the trial court requires the husband to begin paying the wife $150 per month in periodic alimony. The evidence does not support a finding that the wife is a dependent former spouse. Thus, *Page 715 
we reverse that portion of the judgment dealing with periodic alimony.
The husband also contends that the trial court should require the wife to give him his typewriter and class ring, which, he says, are in her possession, because these items are owned by him and were left in his ownership by the trial court's judgment. The trial court stated, "The [husband] shall have as his separate property . . . all his personal items now [in] his possession." Thus, these items were not awarded to him in the trial court's judgment.
The judgment of the trial court is reversed and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Robertson, P.J., and Yates, J., concur.
Crawley and Thompson, JJ., concur in part and dissent in part.