Anthony Ricardo Gordon ("the father") appeals from a judgment of the Madison County Circuit Court in a matter concerning the extent of his duty to pay child support to Becky Lou Gordon ("the mother"). We affirm in part, reverse in part, and remand.
The parties were divorced by the trial court by a 1993 judgment; that judgment awarded custody of the parties' two minor daughters to the mother and directed the father to pay the mother $600 per month as child support. In April 1999, the mother filed a petition in the trial court seeking to enforce and to modify certain portions of the divorce judgment. As last amended, the mother's petition sought postminority educational support for the parties' older daughter and requested that the trial court find that the father was in contempt of court for (a) failing to provide health, dental, and life insurance for the benefit of the parties' children, as required under the 1993 divorce judgment; and (b) failing to pay $1,625 in child support due. The mother's petition further requested an attorney-fee award. The father filed a counterclaim seeking a reduction in his child-support obligation, based upon the loss of his previous employment.
After conducting an ore tenus proceeding, the trial court entered a judgment finding the father in contempt and directing him to pay a $3,000 child-support arrearage, health-insurance premiums of $463.62, and unreimbursed medical expenses of $1,273.65; although the trial court ordered a 30-day incarceration for the father, that sentence was suspended for one year "contingent upon his abiding by [the trial court]'s order and directives without further violation." The trial court further concluded that the father should be responsible for 50 percent of the older daughter's college expenses, including $2,000 that had been already incurred. Finally, the trial court awarded the mother a $2,500 attorney fee to be paid by the father, and declined to modify the father's child-support obligation. *Page 243 
The father's first contention is that the trial court erred in failing to modify his child-support obligation. He argues that because the trial court did not complete a "Child Support Guidelines" form (Form CS-42) and because both parties did not complete "Child Support Obligation Income Statement/Affidavit" forms (Form CS-41), Martin v. Martin, 637 So.2d 901
(Ala.Civ.App. 1994), this court must reverse that portion of the judgment addressing his counterclaim for a child-support modification. In Martin, this court held that that portion of Rule 32(E), Ala. R. Jud. Admin., providing that standardized child-support-affidavit and child-support-guideline forms "shall be filed," was mandatory; we also announced that when Rule 32 is not complied with and child support is made an issue on appeal, this court may, among other things, "reverse the judgment and remand the case for further proceedings in compliance with Rule 32, Ala. R. Jud. Admin." 637 So.2d at 903.
Our review of the record supports the father's contention that the forms required under Rule 32(E) were not filed. While the mother did file a CS-41 affidavit form, the father did not, and neither the parties nor the court filed a CS-42 guidelines form. On the authority of Martin, the trial court's judgment is due to be reversed as to the issue of the father's prospective child-support obligation, and the cause is due to be remanded for further proceedings in compliance with Rule 32. Because further proceedings concerning the father's child-support obligation are required, and because the trial court will have the power to revise its judgment as to that issue after those proceedings, we deem it prudent not to address, at this time, the father's contention that the trial court erred in concluding, in its original judgment, that the father was voluntarily underemployed because of his having lost an earlier job on the basis of misconduct (see Cunningham v. Cunningham, 641 So.2d 807
(Ala.Civ.App. 1994)).
The father's second contention concerns whether the trial court erred in finding him in contempt. "[W]hether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm." Stack v. Stack, 646 So.2d 51, 56
(Ala.Civ.App. 1994).
The record reveals that the father is employed by Yellow Freight, a hauling company, at wages of $15 per hour, and that he works for that company approximately 15-20 hours each week; that the father's parents make the father's mortgage payments in exchange for work he performs on their farm; and that there are no physical impediments that would prevent the father from doing other work. The record further reveals that the father has $30,000 in equity in his 2,275-square-foot residence, which was built in 1998; that he owns a condominium in Madison (currently inhabited by his brother and his brother's wife), an approximately one-acre tract of land in Triana, and four automobiles; and that he has several thousand dollars in an investment account. Moreover, the father testified that he had expenses of approximately $1,500 per month and that he was current on all of his obligations except his child support. Finally, the mother testified that ever since the parties' divorce in 1993, she had had to telephone him each month to ensure his compliance with his child-support obligations. Based on that evidence, we conclude that the trial court's finding of contempt, based on the father's failure to pay child support, health-insurance premiums, and unreimbursed medical expenses, is not *Page 244 
"plainly and palpably wrong" so as to warrant reversal (Stack, 646 So.2d at 56).
The father's third contention concerns whether the court properly required postminority educational support for the parties' older daughter. The general principles concerning child support are "equally applicable" to our review of a request for postminority educational support under the principles of Ex parte Bayliss, 550 So.2d 986 (Ala. 1989). Stinson v. Stinson, 729 So.2d 864, 869 (Ala.Civ.App. 1998). One of those principles is that child support "is a matter that rests within the sound discretion of the trial court, and its judgment will not be reversed, absent a showing that it abused its discretion"; moreover, "where the evidence is presented ore tenus in a child support case, the trial court's judgment is presumed correct." Id. (quoting Wells v.Wells, 648 So.2d 617, 619 (Ala.Civ.App. 1994)).
"In order for a trial court to grant post-minority educational support for a child of divorced parents, the court `shall consider all relevant factors that shall appear reasonable and necessary, including primarily
the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education.'" Mauldin v.Mauldin, 699 So.2d 1271, 1273 (Ala.Civ.App. 1997) (quoting Bayliss, 550 So.2d at 987 (emphasis in Bayliss)). The older daughter's aptitude and commitment are not disputed by the parties; she earned a composite score of 31 out of a possible 36 on the ACT college-entry test and entered the University of Alabama in Huntsville ("UAH") while still in her senior year of high school, earning a 3.5-grade-point average. However, the father contends that the court heard insufficient evidence of the older daughter's college expenses for it to conclude that the award of support was within the father's financial abilities.
The testimony and exhibits received by the trial court indicate that the older daughter had incurred education expenses of $4,012.25 while she attended UAH during the spring and fall semesters of 1998, and the trial court ordered that just under half of that sum ($2,000) be paid by the father. The trial court could have concluded that payment of that specific amount would not present an undue hardship, and, to that extent, we affirm the trial court's judgment.
However, the trial court's judgment also directs the father to pay half of the costs of the child's further attendance at UAH or, in the alternative, "the cost of an in-state, state supported institution of higher education and . . . the cost of average room accommodations and meal plans of an on-campus, residential student." The mother testified at trial that the older daughter did not plan to continue attending UAH, but that she "wants to go to a different college"; which college the older daughter planned to attend in the future was not identified.
In Dennis v. Dennis, 777 So.2d 712 (Ala.Civ.App. 2000), this court reversed a divorce judgment that had directed both parties to pay 50 percent of the cost for their child's college tuition, books, fees, and board "at any state-supported college she chooses to attend" despite the lack of any evidence concerning the extent of those sums. In reversing, this court quoted Thompson v. Thompson, 689 So.2d 885, 888 (Ala.Civ.App. 1997), for the proposition that in the absence of legal evidence concerning the amounts actually required for room, board, books, and tuition, "`we cannot determine whether the sums required to be paid . . . for post-minority educational support would cause . . . undue hardship.'" 777 So.2d at 714. See also Thrasher v. Wilburn, 574 So.2d 839
(Ala.Civ.App. 1990). *Page 245 
Similarly, in this case, the only evidence of the older daughter's college expenses relates to expenses she incurred in 1998 while attending UAH, a school to which she has no plans to return. The trial court's judgment sought to address that lack of evidence by limiting the father's obligation to the cost of a state-funded institution of higher learning. However, the expenses required of, for example, a technical-college student and a student at the Tuscaloosa campus of the University of Alabama are different, even though both schools are state-supported — either, both, or neither school's expenses may present an undue hardship to a parent in a particular case. In the absence of evidence more specific than the evidence regarding the older daughter's 1998 expenses at UAH, neither this court nor the trial court can properly determine whether the payments ordered would impose a hardship on the father. Therefore, that portion of the trial court's judgment awarding prospective postminority educational support is due to be reversed. On remand, the parties may present evidence of the actual expenses incurred, or to be incurred, by the older daughter at her chosen institution of higher learning, or, alternatively, the amount of the "average" costs of attending an in-state accredited college or university. Based on this and such other legal evidence as the trial court may receive from the parties, the trial court should determine whether requiring the father to pay 50 percent, or some other fraction, of those actual expenses or those "average" costs would constitute an undue hardship upon him.
Finally, the father contends that the trial court erred in awarding the mother an attorney fee of $2,500 because, he says, (1) the mother failed to demonstrate that he was in contempt and (2) the mother has sufficient resources to pay her attorneys. The mother contends that she "prevailed in every major area of her request and defense," and that, according to her testimony at trial, her monthly expenses exceed her monthly income less child support. After considering "the results of the litigation, the nature of the conduct of the parties, the financial circumstances of the parties, and the earning capacities of the parties," Campbell v. Tolbert,656 So.2d 828, 830 (Ala.Civ.App. 1994), we conclude that the trial court did not abuse its discretion in awarding the mother $2,500 for the services of her counsel.
Based upon the stated facts and the cited authorities, those portions of the trial court's judgment declining to modify the father's child-support obligation and awarding prospective postminority educational support are reversed. In all other respects, including the trial court's direction that the father pay $2,000 of the older daughter's 1998 costs for attending UAH, the judgment is affirmed. The cause is remanded for further proceedings.
The mother's request for an attorney fee on appeal is granted in the amount of $750.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.