In April 2000, Charlotte Smith Terry (the "mother") filed a postminority complaint seeking a modification order to require David Lynn Smith (the "father") to pay college expenses for their daughter, who was attending junior college and who was about to reach the age of majority. After a hearing, the trial court ordered the father to pay "all college fees, tuition, and books necessary to achieve an undergraduate degree, after deducting any college scholarship awards or stipends that she applies for and receives." The father appeals. We affirm in part, reverse in part, and remand.
The father argues two issues. He first argues that sufficient evidence was not presented with respect to actual educational expenses to support the trial court's *Page 841 
award. He also argues that the award creates an undue hardship for him.
"Where evidence is presented ore tenus, particularly in matters concerning child support or postminority college support, the trial court's judgment is presumed correct and will be reversed only upon a showing that the trial court abused its discretion or that its determination is plainly and palpably wrong." Stein v. Stein,623 So.2d 318, 319 (Ala.Civ.App. 1993). If an appellate court is to determine whether the trial court abused its discretion in making a postminority award of college support, there must be sufficient evidence as to the cost of attending college. Thrasher v. Wilburn, 574 So.2d 839
(Ala.Civ.App. 1990). Because the cost of attending a college varies from school to school, evidence must be presented on a school-by-school basis to enable the trial court to make a determination whether the costs will create an undue hardship for the parent being asked to provide postminority support. Gordon v. Gordon, 804 So.2d 241 (Ala.Civ.App. 2001); and Penney v. Penney, 785 So.2d 376 (Ala.Civ.App. 2000).
A review of the record shows that the daughter was one semester from finishing her associate degree at Calhoun Community College. She was planning to complete her undergraduate studies either at the University of Alabama at Huntsville or at Athens State College, but no evidence was submitted to the trial court regarding the costs of attending these schools. The only evidence presented regarding the child's college expenses related to her attending Calhoun Community College or Indiana University.
At one time the daughter had planned to attend Indiana University because her mother was living in Indiana with her new husband; however, her mother has since returned to Alabama. The daughter testified that she would live at home while she finished college. The daughter informed the trial court of her alternative choices of colleges without providing any information regarding the costs of attending those schools. Therefore, we reverse the trial court's decision and hold that there was insufficient evidence presented to enable the trial court to consider whether the child's attending Athens State College or the University of Alabama at Huntsville would place an undue hardship on the father. As this court stated in Berry v. Berry, 579 So.2d 654, 656 (Ala.Civ.App. 1991), "[i]n child support cases the trial court is bound by the legal evidence or lack of it. It may not speculate on the ability of the parties to pay nor on the needs of the children." On remand, the trial court is directed to take additional evidence regarding the child's choice of college and to determine whether the costs of attending that college — or one of those colleges — would create an undue hardship for the father.
As for the portion of the judgment with respect to paying the costs of attending Calhoun Community College, we find that sufficient evidence was presented to support the trial court's decision. The father testified that he earned approximately $39,000 to $44,000 per year and that he was about to receive a $2,600 per year raise after he finished a training program. There was undisputed testimony to show that the daughter had paid $684 per semester in tuition to attend Calhoun Community College and approximately $300 to $375 for books when she was unable to purchase used books. Using these figures, because the daughter testified that she attended school year-round, her tuition and books for six semesters at Calhoun Community College would total at most $6,354. The daughter had earned approximately $4,000 in scholarship money while attending Calhoun Community College, *Page 842 
which offsets most of the amount for which the father would be responsible. We conclude that these expenses do not create an undue hardship for the father.
The trial court's judgment is affirmed insofar as it ordered the father to pay the cost of attending Calhoun Community College; it is reversed insofar as it ordered the father to pay the costs of attending the college to which the daughter will transfer; and remanded for an evidentiary hearing. On remand, the trial court is instructed to enter a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Yates, P.J., and Thompson, Pittman, and Murdock, JJ., concur.