I dissent from the main opinion insofar as it remands the cause to allow the trial court to receive additional evidence regarding the issue of postminority educational support. I concur in all other aspects of the main opinion.
Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), was decided in 1989. The following year, this court began remandingBayliss cases for the taking of additional evidence on the cost of "reasonable necessaries" of a college education.See Thrasher v. Wilburn, 574 So.2d 839, 841
(Ala.Civ.App. 1990). Since 1990, this court has made it clear that, without evidence of the costs of a child's college education, we cannot review whether the costs constitute an undue hardship on the parent ordered to pay. See, e.g.,Smith v. Terry, 820 So.2d 839 (Ala.Civ.App. 2001); Bowenv. Bowen, 817 So.2d 717 (Ala.Civ.App. 2001); Gordon v.Gordon, 804 So.2d 241 (Ala.Civ.App. 2001); Penney v.Penney, 785 So.2d 376 (Ala.Civ.App. 2000); Dennis v.Dennis, 777 So.2d 712 (Ala.Civ.App. 2000); Thompson v.Thompson, 689 So.2d 885 (Ala.Civ.App. 1997); Meador v.Meador, 628 So.2d 907 *Page 238 
(Ala.Civ.App. 1993); Hocutt v. Hocutt, 591 So.2d 881
(Ala.Civ.App. 1991); Hooker v. Hooker, 593 So.2d 1023
(Ala.Civ.App. 1991); and Cannon v. Cannon, 585 So.2d 82
(Ala.Civ.App. 1991). Giving parents and trial courts 18 years' notice of what is required under Bayliss is more than sufficient.
The parent who requests postminority educational support has the initial burden of presenting evidence of the costs involved. If the parent fails to meet that burden, this court should not give him or her a "second bite of the apple" to present the missing evidence on remand. If this court continues to give the petitioning parent the opportunity to present evidence that he or she should have and could have presented initially, then this court gives the petitioner for Bayliss support an advantage that no other similarly situated civil litigant has.See McAlpine v. McAlpine, 865 So.2d 438, 445
(Ala.Civ.App. 2002) (Crawley, J., concurring in the result):
 "In other types of civil cases, we do not allow a party who fails to present substantial evidence to overcome a judgment as a matter of law a second chance to present additional evidence to support the party's claim. See, e.g., G.UB.MK. Constructors v. Carson, 812 So.2d 1175 (Ala. 2001); Arthur Rutenberg Homes, Inc. v. Norris, 804 So.2d 180
(Ala. 2001); Thedford v. Payne, 813 So.2d 905
(Ala.Civ.App. 2001); Tom Jones Insurance, Inc. v. Sinclair-Lawrence Associates, Inc., 775 So.2d 211 (Ala.Civ.App. 2000). The practice of reversing a judgment because of insufficient evidence and remanding for the taking of additional evidence rewards a party who failed to meet its burden of proof and punishes the other party, who was not at fault, by requiring the expenditure of time, effort and expense in conducting further evidentiary proceedings."
In the present case, it is especially unreasonable to allow the mother a second chance to present the evidence that she failed to present earlier. This is not a case in which the "availability of scholarships or grants," or "whether the child has been accepted to a particular institution," or what the tuition and other costs at a particular institution may be are unknown. See McAlpine v. McAlpine, 865 So.2d at 444
(Yates, P.J., concurring specially). At the time of the hearing on the mother's request for Bayliss support, the daughter had completed her first semester at Central Alabama Community College. The mother testified that the daughter had student loans that covered all of her expenses except for $312 that the mother had paid. The mother, however, presented no evidence regarding the amount of the loans or the terms of the loans — both of which were, presumably, easily ascertainable. In essence, the mother established only that the per-semester cost of the daughter's college education was $312.
Therefore, although I would affirm that part of the trial court's judgment ordering the father and the mother each to pay one-half of the daughter's college expenses, I would hold that, based on the evidence presented to the trial court, the trial court's judgment requires the father to pay only $156 per semester (one-half of $312) for the daughter's college education — the only college "expenses" proved by the mother.
MOORE, J., concurs. *Page 239