THOMPSON, Presiding Judge.
Larry G. Parker (“the father”) appeals from the judgment of the Colbert Circuit Court denying the State of Alabama’s petition, apparently filed on the father’s behalf, to modify his child-support obligation. For the reasons stated herein, we affirm.
The father and Kristina S. Harville (“the mother”) were divorced in October 2000. Two children, who were minors at all times relevant to the present litigation, were born of the parties’ marriage. As part of the divorce judgment, the father was ordered to pay to the mother $807 monthly as support for the minor children.
On June 13, 2008, the State of Alabama (“the State”) filed a petition to modify the father’s child-support obligation. It alleged that since the entry of the divorce judgment the father had experienced a decrease in income and that the father’s child-support obligation should be modified to reflect this reduction in income. The father filed a document that he styled as an answer in which he admitted the allegations of the State’s petition. The record does not indicate that the mother filed an answer to the State’s petition.[1]
*1272 The trial court held a hearing on the petition on December 12, 2008. At the hearing, the father testified that he was employed by Auburn University as a construction worker and had been employed with Auburn University for the preceding 13 months. He testified that he was paid approximately $28,000 annually, that he paid approximately $240 monthly for health insurance for himself and the children, and that he paid approximately $85 monthly for dental and vision insurance for himself and the children. The father testified that, before going to work for Auburn University, he had been a self-employed carpenter. The father’s federal income-tax forms were offered into evidence and showed that the father reported total income of $4,518 in 2005, $12,921 in 2006, and $28,571 in 2007. The father testified that it had “been a long time” since he had held a job making more than $28,000 annually.
The mother testified that the parties were last in court in 2004 and that the children’s expenses had increased since then. The mother stated that the father had been ordered in the divorce judgment to provide health insurance for the children but that, for most of the time between 2003 and 2007, he had failed to do so. Instead, her new husband, who she married in March 2002, provided health insurance for the children. She testified that the father was currently providing health insurance for the children but that she was asking the trial court to allow her to maintain health insurance on the children because she feared the father, who she testified was not dependable, would drop the coverage on the children.
The mother testified that she received a monthly disability check in the amount of $673, which, she stated, was her only income. The mother offered into evidence an income statement showing that income and indicating that the cost to her husband of providing health insurance to the children was $149 monthly. The trial court also admitted into evidence a Form CS-42 indicating a recommended child-support amount of $680 to be paid monthly by the father. The record does not indicate who prepared that document.
There was no evidence offered at trial regarding the basis of the father’s current child-support obligation of $807 monthly, i.e., whether the child-support obligation was determined by reference to the child-support guidelines set forth in the appendix to Rule 32, Ala. R. Jud. Admin, (“the guidelines”), or whether that obligation constituted a deviation from those guidelines. None of the parties offered into evidence a copy of the divorce judgment or any other order that may have been entered relative to the father’s child-support obligation. Moreover, there was no evidence of the mother’s and the father’s income at the time the trial court fixed the father’s current child-support obligation.
On March 24, 2009, the trial court entered a judgment denying the State’s petition to modify child support. The trial court found that there was no evidence of a material change in circumstances warranting a modification of the father’s child-support obligation. The trial court did not address the mother’s claim for postminority support. After extended postjudgment proceedings culminating with the trial court’s denial of the father’s postjudgment motion, the father filed a timely appeal to this court.
“[MJatters of child support, including modifications thereof, are within the discretion of the trial court and ‘will not be disturbed on appeal, absent a showing that the ruling is not supported by the evidence and, thus, is plainly and palpably wrong.’ Spears v. Spears, 903 So.2d 135, 136 (Ala. *1273 Civ.App.2004).” Morgan v. Morgan, 964 So.2d 24, 27 (Ala.Civ.App.2007).
The father contends that the trial court erred by not calculating his child-support obligation in accordance with the guidelines. The father argues that he had experienced a substantial decrease in his income, which, he states, established a material change in circumstances as required to support a modification of his child-support obligation.
“It is well settled that a party seeking to modify a child-support obligation must demonstrate a material change in circumstances warranting the modification.” H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1280 (Ala.Civ.App.2009). The version of Rule 32 applicable to the present case provided, in effect, that a rebutta-ble presumption of a material change in circumstances arises
“when the difference between the existing child support award and the amount determined by application of these guidelines varies more than ten percent (10%), unless the variation is due to the fact that the existing child support award resulted from a rebuttal of the guidelines and there has been no change in the circumstances that resulted in the rebuttal of the guidelines.”
Rule 32(A)(3)(b), Ala. R. Jud. Admin, (effective for actions filed between October 4, 1993, and December 31, 2008).
In the present case, the trial court determined that there had not been a material change in circumstances relative to the father’s child-support obligation. Thus, it concluded that the child-support obligation was not due to be modified. Although the father argues that he has experienced a decline in income since the trial court’s entry of his present child-support obligation, the testimonial and documentary evidence offered at trial do not support that argument. Simply put, the record does not disclose the father’s income at the time the present child-support obligation was implemented; thus, it cannot reflect that the father’s income has declined since that time.
There is a presumption of a material change in circumstances when a change in the parties’ incomes results in a deviation of more than 10% in child support to be awarded under the guidelines from the current child-support obligation; however, that presumption does not apply when the current child-support obligation is based on a deviation from the guidelines. In the present case, there is no evidence indicating whether the father’s current child-support obligation is based on the guidelines or on a deviation therefrom. Because “the appellant has an affirmative duty of showing error upon the record,” and because “an appellate court will not presume error” on the part of the trial court, Tucker v. Nichols, 431 So.2d 1263, 1264-65 (Ala. 1983), we cannot say that the trial court erred in failing to apply the presumption of a material change in circumstances provided by Rule 32(A)(3)(b). Likewise, we cannot say that the trial court erred in concluding that there had been no material change in circumstances warranting a modification of the father’s child-support obligation.
The father next contends that the trial court erred by not requiring him to submit a CS-41 Child-Support-Obligation Income Statement/Affidavit, and he argues that the CS-42 Child-Support Guidelines form offered into evidence incorrectly provided the mother with credit for her husband’s providing health insurance for the children when, in fact, it was the father who was required to provide that insurance. The father is correct that, as a general rule, CS-41 and CS-42 forms are required to be in the record for this court *1274 to be able to review a trial court’s determination of child-support issues. See Rule 32(E), Ala. R. Jud. Admin.; Gordon v. Gordon, 804 So.2d 241, 243 (Ala.Civ.App. 2001). However, in the present case, the existence of such forms is unnecessary for this court to dispose of the father’s appeal. As we held above, we cannot conclude that the trial court erred when it held that there had not been a material change of circumstances justifying a modification to the father’s child-support obligation. No amount of information that could have been provided by those forms could alter that conclusion, given that there was no evidence in the record relative to the parties’ circumstances at the time the father’s current child-support obligation was implemented. As a result, we find no reversible error in the trial court’s failure to require the father to file a CS-41 form or in any mistakes made in the CS-42 form admitted into evidence. Cf. Rule 45, Ala. R.App. P.
The father next contends that the trial court erred in failing to give him credit for the monthly health-insurance premiums he was paying for the children. However, there is no evidence in the record indicating that the trial court did not consider that the father is required to provide the children with health insurance when it set the father’s current child-support obligation. Indeed, it is undisputed that the divorce judgment, in addition to setting the father’s child-support obligation, also required the father to provide health insurance for the children. Thus, we find no error in the trial court’s purported failure to consider that the father was providing the children with health insurance.
Finally, the father contends that he should be awarded an attorney’s fee on appeal. That request is based on his contention that the trial court’s judgment is erroneous. However, because, for the above-stated reasons, we cannot conclude that the trial court’s judgment is, in fact, in error, we conclude that there is no basis for an award of an attorney’s fee to the father on appeal.
Based on the foregoing, we conclude that the father has failed to demonstrate error on the part of the trial court. As a result, we affirm the trial court’s judgment denying the petition for a modification of his child-support obligation.
AFFIRMED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. The mother did file a counterclaim seeking postminority support for the minor children. However, she presented no evidence in support of her counterclaim at trial, and, in fact, that claim was never mentioned at trial. Thus, we conclude that the mother abandoned the claim. See Van Hoof v. Van Hoof, 997 So.2d 278, 284 n. 12 (Ala.2007) ("To the extent that the counterclaim remained viable after the motion was filed, however, it was effectively abandoned when Lord Abbett and State Street did not present their counterclaim at the trial of this case.”).