THOMAS, Judge.
In February 2010, Carla Allen (“the mother”) filed a modification complaint, seeking an order requiring Warren Hill (“the father”) to pay postminority educational support for Briona Allen (“the child”). After a trial, the trial court ordered the father to pay the child’s automobile insurance, to maintain health insurance on the child, and to pay the child $100 per month toward her college expenses. The mother appeals that judgment, arguing that the father should have been required to pay half the child’s college expenses.
“Our supreme court authorized the imposition of postminority educational support in Ex parte Bayliss, 550 So.2d 986 (Ala.1989). When considering an application for postminority educational support, ‘the trial court shall consider all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child’s commitment to, and aptitude for, the requested education.’ Ex parte Bayliss, 550 So.2d at 987. Other factors the trial court may consider include ‘the standard of living that the child would have enjoyed if the marriage had not been dissolved and the family unit had been *822 preserved and the child’s relationship with his parents and responsiveness to parental advice and guidance.’ Id.”
Bowen v. Bowen, 28 So.3d 9, 13 (Ala.Civ. App.2009). Because “the general principles concerning child support [are] equally applicable to a[n] [Ex parte ] Bayliss [, 550 So.2d 986 (Ala.1989),] motion for postmi-nority college support,” this court considers only whether the trial court abused its discretion in determining whether to award support and, if it awarded support, whether it abused its discretion in determining what amount of support is appropriate under the circumstances of the case. Berry v. Berry, 579 So.2d 654, 656 (Ala. Civ.App.1991); see also Wells v. Wells, 648 So.2d 617, 619 (Ala.Civ.App.1994) (quoting Berry, 579 So.2d at 656). As with all judgments based on the trial court’s receipt of oral testimony, the factual findings of the trial court in a judgment awarding or denying postminority educational support are presumed correct; moreover, in the absence of express findings by the trial court, any findings that are necessary to the judgment are presumed to have been made, provided that the record evidence would support such findings. Fielding v. Fielding, 24 So.3d 468, 472 (Ala.Civ.App. 2009).
No trial transcript was available, so the parties have submitted an approved Rule 10(d), Ala. R.App. P., statement of the evidence. That statement indicates that the child’s college expenses, including tuition and room-and-board costs, at Jacksonville State University was $5,900 for the first semester. The child also spent $663.09 on textbooks. The child had the benefit of three scholarships, totaling $2,356; the statement of the evidence does not indicate whether the scholarships covered the entire academic year or only one semester.
The mother is employed at International Paper Company. She earned approximately $42,500 in 2009, despite the fact that she was receiving disability pay for four months of that year; the mother had earned as much as $63,000 per year in the past. The mother had purchased the child’s automobile and had been paying $419 per quarter for the child’s automobile insurance. According to the mother, she had taken out loans to pay for the child’s college tuition and expenses.
The father is also employed at International Paper. He typically earns approximately $80,000 per year; in 2008, the father had earned $106,000. The father’s monthly expenses totaled $4,774. He pays for health-insurance coverage for the child; he said that he paid $110 biweekly for that coverage.
In addition to the child, the father has two other college-aged children, an older adult daughter who is self-supporting, and a 14-year-old son. The father testified that his “philosophy” was that his children should be primarily responsible for paying for their own college expenses out of the money they earned. He said that one of his children, Candace Hill, paid the majority of her own college expenses; he stated that he paid her automobile payment and assisted her with living expenses. His other college-aged child, Nakia McDaniel, was also the subject of a postminority-edu-cational-support action; that action was consolidated with this action for purposes of trial. Ms. McDaniel had an athletic scholarship to the University of Alabama at Birmingham; the trial court ordered the father to provide Ms. McDaniel with automobile insurance, health insurance, and $100 per month.
The mother argues on appeal that the trial court abused its discretion by awarding only $100 per month to the child despite the fact that the evidence demon *823 strated that the father could afford to pay half the child’s college expenses without undue hardship. According to the mother, the award of such a “very small monthly stipend” is error in light of the clear evidence concerning the father’s financial resources and the child’s aptitude for a college education. The mother contends that the trial court placed “much consideration” on the child’s failure to consult with the father regarding her college selection and financial planning. The mother argues that we should reverse the award of post-minority educational support and remand the cause with instructions that the trial court consider the appropriate factors without giving what she perceives to be “undue weight” to the child’s failure to discuss her college choice and financial planning with the father.
As a preliminary matter, we cannot agree with the mother that the trial court ordered the father to pay only $100 toward the child’s postminority educational expenses. This court has long held that postminority-educational-support awards should be based “on the reasonable necessaries, including room and board, for the child to attend college after reaching majority.” Thrasher v. Wilburn, 574 So.2d 839, 841 (Ala.Civ.App.1990). A trial court may require a parent to contribute to more than the actual expenses of tuition, room and board, and books. Wagner v. Wagner, 989 So.2d 572, 581-82 (Ala.Civ.App.2008) (“[PJostminority educational support may include more than the costs of tuition and books, and may include other expenses that the trial court, acting within its discretion, determines to be reasonably necessary for the child to attend college.”). In Wagner, we affirmed a postminority-educational-support award that included monthly allotments for, among other things, automobile-related expenses and automobile insurance. Wagner, 989 So.2d at 581-82. We have also held that health-insurance costs may be included in a postminority-educational-support award. Waddell v. Waddell, 904 So.2d 1275, 1286 (Ala.Civ.App.2004).
The father in the present case was required to pay automobile insurance and health insurance for the benefit of the child so long as she attended an in-state, four-year college as a full-time student in “good academic standing.” Thus, we must include those amounts in the calculation of his total postminority-educational-support obligation. The father’s actual monthly postminority-educational-support obligation, including the amount the mother had been paying for automobile insurance for the child and the health-insurance premiums the father had been regularly paying for coverage for the child, would be approximately $460 per month. Although that amount will not necessarily be credited toward the child’s tuition or room-and-board costs, the child will benefit from the father’s payment of those expenses while she pursues her college education.
In light of the father’s income, his expenses, and the fact that he is providing some financial assistance to three children attending college, we cannot agree with the mother that the trial court abused its discretion in its award of $460 in monthly postminority educational support in the present case. Although the trial court specifically referenced the fact that the child had not consulted the father regarding her college plans, we cannot agree with the mother that the trial court placed “undue weight” on that particular factor. The trial court ordered the father to pay $460 on behalf of the child as postminority educational support, which presumably is equal to or less than what the trial court thought the father had the ability to pay. However, the lack of a responsive parent-child relationship “is a factor for the court *824 to consider and it may, therefore, be the basis for reducing what might, under other circumstances, be a greater amount of support.” Stinson v. Stinson, 729 So.2d 864, 869 (Ala.Civ.App.1998).
Furthermore, the father testified that his “philosophy” was that his children should shoulder the majority of the responsibility for their own college educations. As proof of the father’s “philosophy,” he testified that his oldest college-aged child was paying the majority of her college-related expenses. The trial court could well have determined that the father would not have paid for all or even half the child’s college expenses had the parties ever been married.[1]
The trial court clearly considered the required factors and balanced the father’s “philosophy” with his ability to assist the child with college expenses to benefit the child by requiring the father to shoulder the responsibility of providing automobile and health insurance for the child while she pursues her college education. We cannot find fault with the trial court’s exercise of discretion here. Because the child clearly has the aptitude for college and had managed to secure three small scholarships for her freshman year, we expect her to enjoy continued academic success, which should assist her in retaining or acquiring other scholarships. In addition, the mother and the child may seek grants, loans, or other financial assistance to offset the remaining expenses associated with the child’s college education. We therefore affirm the judgment of the trial court.
AFFIRMED.
PITTMAN and MOORE, JJ., concur.
THOMPSON, P.J., and BRYAN, J., concur in the result, without writings.

. We note that Ex parte Bayliss, 550 So.2d 986, 987 (Ala. 1989), speaks of the trial court's considering, among other things, "the standard of living that the child would have enjoyed if the marriage had not been dissolved and the family unit had been preserved.” The parents in this case were never married. However, postminority educational support is not restricted to the children of divorced parents. Ex parte Jones, 592 So.2d 608, 610 (Ala. 1991) ("Therefore, we hold that the 'college education exception’ to the general rule that a ‘parent has no duty to contribute to the support of his or her child after that child has reached the legislatively prescribed age of majority,' Bayliss, 550 So.2d at 992, applies as well where the parents were not married at the time of the birth of the child and were not married thereafter.”). Thus, the trial court could have considered what the father might have done regarding the child’s college expenses if he and the mother had ever married and had remained married.